OPINION
{¶ 1} Appellant, Roosevelt Perry, appeals from the August 2, 2004 judgment entry of the Trumbull County Court of Common Pleas, in which he was sentenced for robbery.
 {¶ 2} On September 19, 2001, appellant was indicted by the Trumbull County Grand Jury on four counts: count one, robbery, a felony of the second degree, in violation of R.C. 2911.02(A)(2) and (B); counts two and three, robbery, felonies of the third degree, in violation of R.C.2911.02(A)(3) and (B); and count four, theft from an elderly person, a felony of the fifth degree, in violation of R.C. 2913.02(A)(1) and (B)(3). At his arraignment on September 26, 2001, appellant entered a plea of not guilty.
 {¶ 3} A jury trial commenced on February 4, 2002. On February 6, 2002, the jury returned a verdict of guilty on all four counts.
 {¶ 4} The facts at trial revealed that on June 10, 2001, Save-A-Step convenience store in Hubbard Township, Trumbull County, Ohio, was robbed. Jennifer Samble ("Samble"), a cashier at Save-A-Step, testified for appellee, the state of Ohio, that at approximately 6:20 a.m., she noticed a tall, black male ask a patron for directions. Samble saw the individual talk to another customer, Kenneth Speed ("Speed"), and then he began to shop. Samble indicated that the individual's shopping manner was odd due to the fact that over the course of about twenty minutes, he would wander around the store, select an item, bring it to the counter, then wander the store again, nervously reaching for his wallet each time he approached the cash register.
 {¶ 5} At about 6:40 a.m., Samble stated that the individual became very jittery and nervous and asked her if she took credit cards. The individual's uneasy demeanor caused Samble to activate the store's panic alarm. Samble maintained that the individual then informed her that he was robbing the store, stuck his hand in his pocket, told her that he had a gun, and demanded that she give him money or he would kill her. Samble stepped back and yelled out that she was being robbed. Samble then dialed 9-1-1.
 {¶ 6} Debra Grilli ("Grilli"), a customer in the store during the incident, testified for appellee that when she first noticed the individual, he was "antsy" and pacing the store. Grilli stated that she was holding a cup of coffee that she was waiting to pay for at the counter, and a five dollar bill. After hearing Samble's exclamation, the individual backed away from the counter and took the five dollar bill from Grilli's hand. The individual demanded more money from Grilli which she did not have because she left her purse in the car.
 {¶ 7} Apparently still desiring more money, the individual approached another patron, George Roth ("Roth"). Roth testified for appellee that while he was waiting in line, the individual spun him around, removed his wallet from his back pocket, and fled the store. Samble stated that the individual drove away in a "white Honda Civic looking car." Roth described the individual's vehicle as a "light colored foreign car."[1]
 {¶ 8} Hubbard Township Police arrived at the scene within four minutes. Officer Gregory Tarr ("Officer Tarr"), with the Hubbard Township Police Department ("HTPD"), interviewed witnesses, and discovered that Samble observed the individual talk to Speed while he was in the store.
 {¶ 9} The following day, June 11, 2001, Detective Michael Begeot ("Detective Begeot"), with the HTPD, was assigned to investigate the robbery. Detective Begeot tracked down Speed, a prison guard, who told him that he knew appellant all of his life and that he saw him in the store on the morning of the robberies. According to Detective Begeot, Speed further stated that appellant may have been recently released from jail or may be on parole. In fact, appellant was on parole and with the assistance of the Ohio Adult Parole Authority, Detective Begeot assembled a six-person photo line-up which included a picture of appellant. Based upon identifications by Samble, Grilli, and Roth, appellant was arrested and charged with three counts of robbery and theft from an elderly person.
 {¶ 10} Pursuant to its February 26, 2002 judgment entry, the trial court sentenced appellant to a prison term of eight years on count one; five years on count two to run consecutive to count one; five years on count three to run concurrent to counts one and two; and count four to merge with count three for a total period of incarceration of thirteen years.
 {¶ 11} On March 22, 2002, appellant filed a notice of appeal, Case No. 2002-T-0035, namely alleging that his conviction with respect to count four, theft from an elderly person, was not supported by sufficient evidence, and that the trial court failed to comply with R.C. 2929.14(E)(4) in imposing consecutive sentences. On December 31, 2003, this court vacated appellant's sentence with regard to count four and remanded the matter to the trial court regarding the failure to comply with R.C.2929.14(E)(4) with respect to counts one, two, and three.
 {¶ 12} A re-sentencing hearing was held on August 2, 2004. Pursuant to its August 2, 2004 judgment entry, the trial court sentenced appellant to a prison term of eight years on count one; five years on count two to run consecutive to count one; five years on count three to run concurrent to counts one and two for a total period of incarceration of thirteen years. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignment of error:
 {¶ 13} "The trial court's imposition of consecutive sentences upon appellant based upon findings not made by a jury nor admitted by appellant is contrary to law and violates appellant's right to due process, as guaranteed by the Fourteenth Amendment to the United States Constitution."
 {¶ 14} In his sole assignment of error, appellant argues that the trial court's imposition of consecutive sentences based upon findings, pursuant to R.C. 2929.14(E)(4), not made by a jury nor admitted by appellant is contrary to law and violates his right to due process as guaranteed by the Fourteenth Amendment to the United States Constitution.
 {¶ 15} This court stated in State v. Rupert, 11th Dist. No. 2003-L-154, 2005-Ohio-1098, at ¶ 15-21, that:
 {¶ 16} "[a] reviewing court will not reverse a sentence unless an appellant demonstrates that the trial court was statutorily incorrect or that it abused its discretion by failing to consider sentencing factors.State v. Chapman (Mar. 17, 2000), 11th Dist. No. 98-P-0075, 2000 Ohio App. LEXIS 1074, * * * at 10. `The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' State v. Adams
(1980), 62 Ohio St.2d 151, 157 * * *. An appellate court may modify or vacate a sentence if it is contrary to law. R.C. 2953.08(G)(2). When the trial court does not sufficiently state reasons for the consecutive sentences, the matter should be remanded to the trial court for clarification. See, generally, State v. Jones (2001), 93 Ohio St.3d 391,400 * * *.
 {¶ 17} "Before imposing consecutive sentences, a trial court must make the findings contained in R.C. 2929.14(E)(4) on the record. State v.Fitzpatrick (Dec. 1, 2000), 11th Dist. No. 99-L-164, 2000 Ohio App. LEXIS 5608, * * * at 5. First, the trial court must find that consecutive sentences are `necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[.]' R.C. 2929.14(E)(4). Second, the trial court must decide that one of the other factors listed in R.C.2929.14(E)(4) also exists: (a) the offender was awaiting trial or sentencing or was under community control sanction, (b) the harm caused by the offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of the conduct, or (c) the offender's history of criminal conduct proves that consecutive sentences are needed to protect the public from future crime. State v. Norwood
(June 8, 2001), 11th Dist. No. 2000-L-072, 2001 Ohio App. LEXIS 2573, * * * at 4.
 {¶ 18} "If a trial court merely asserts that it has reviewed the provisions in R.C. 2929.14, that alone, is not a sufficient finding on the record of the court's reasoning relative to the statutory factors for imposing a particular sentence. Fitzpatrick, supra, * * * at 5. The findings mandated by R.C. 2929.14 and the reasons supporting those findings must be made at the sentencing hearing. State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 20 * * *.
 {¶ 19} "Furthermore, when consecutive sentences are imposed under R.C. 2929.14(E)(4), the trial court must also follow the requirements of R.C. 2929.19(B)(2)(c), which states that the trial court justify the imposition of consecutive sentences:
 {¶ 20} "`(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 21} "`(* * *)
 {¶ 22} "`(c) If it imposes consecutive sentences under section 2929.14
of the Revised Code, its reasons for imposing the consecutive sentences[.]'" (Parallel citations omitted.)
 {¶ 23} In the case at bar, appellant agrees that R.C. 2929.14(E)(4) was satisfied since the trial court made statutory findings and stated its reasons for imposing consecutive sentences at the sentencing hearing. However, appellant contends that the trial court's imposition of consecutive sentences is contrary to law because the trial court's findings and reasons were not found by a jury nor admitted by him. We disagree.
 {¶ 24} With respect to the trial court's justification for consecutive sentences regarding counts one and two, the trial court stated at the re-sentencing hearing that:
 {¶ 25} "[c]onsecutive sentences are necessary to protect the public because [appellant has] not been rehabilitated after serving two prior prison terms for offenses of violence;
 {¶ 26} "[Appellant] committed these offenses while on parole for another offense and demonstrated that he would not conform his behavior to the laws of this State when released on parole supervision;
 {¶ 27} "Consecutive sentences are necessary to punish the offender for the same reasons;
 {¶ 28} "Consecutive sentences are not disproportionate to the seriousness of [appellant's] conduct because [appellant] chose to rob three different people on the same day and while he was on parole;
 {¶ 29} "Consecutive sentences are not disproportionate to the danger [appellant] poses to the public because he has demonstrated that he does not respond to rehabilitative efforts, does not conform his behavior when released under supervision, and his danger to the public can only be limited through incarceration;
 {¶ 30} "Consecutive sentences are necessary because [appellant] was on the post-release sanction of parole at the time [of the] offense;
 {¶ 31} "[Appellant's] criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes because he has consistently failed to respond to rehabilitative efforts, prison sentences, or parole."
 {¶ 32} The foregoing demonstrates that the trial court made findings under R.C. 2929.14(E)(4) and gave its reasons for supporting those findings at the sentencing hearing pursuant to Comer, supra. The trial court fully complied with the respective mandates of R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c) in imposing consecutive sentences. Specifically, the trial court determined that consecutive sentences are necessary to protect the public from future crime or to punish appellant and that consecutive sentences are not disproportionate to the seriousness of appellant's conduct and the danger he poses to the public. In addition, the trial court decided that other factors listed in R.C. 2929.14(E)(4) also exist: (a) that appellant committed these offenses while on parole for another offense; and (c) that appellant's history of criminal conduct proves that consecutive sentences are needed to protect the public from future crime.
 {¶ 33} Appellant's reliance here on Blakely v. Washington (2004),124 S.Ct. 2531, is misplaced. The imposition of consecutive sentences does not violate the rule set forth in Blakely. See Rupert, supra.
 {¶ 34} According to Apprendi v. New Jersey (2000), 530 U.S. 466, 490, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."
 {¶ 35} "Blakely refined the Apprendi rule when it held that `the "statutory maximum" for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdictor admitted by the defendant.' (Emphasis sic.)" Rupert, supra, at ¶ 45, quoting Blakely, supra, at 2537.
 {¶ 36} Blakely and Apprendi are distinguishable from the instant case because they deal with sentencing for a single crime.
 {¶ 37} We stated in Rupert, supra, at ¶ 47, that:
 {¶ 38} "Ohio courts have consistently held Apprendi does not apply to consecutive sentences as long as the sentence does not exceed the statutory maximum for each individual underlying offense. See State v.Carter, 6th Dist. No. L-00-1082, [2002-Ohio-3433, at ¶ 25] * * *. Accord, State v. Gambrel (Feb. 2, 2001), 2d Dist. No. 2000-CA-29, 2001 Ohio App. LEXIS 339, * * * at 4; State v. Brown, 2d Dist. No. 18643, [ 2002-Ohio-277], * * * at 5 * * *; State v. Wilson (Oct. 25, 2002), 6th Dist. No. L-01-1196, [2002-Ohio-5920]. Federal courts have also held consecutive sentences do not conflict with Apprendi. See United Statesv. Wingo (C.A.6, 2003), 76 Fed.Appx. 30, at 35; United States v.Sauceda (C.A.6, 2002), 46 Fed.Appx. 322, at 323. [See, also, UnitedStates v. Booker (2005), 125 S.Ct. 738.] Nothing in Blakely changes this rule." (Parallel citations omitted.)
 {¶ 39} Here, appellant was not sentenced for a single crime. Appellant's individual sentences are each within the statutory range.Blakely is not applicable to appellant's sentence. Thus, with respect to the instant case, Ohio's sentencing scheme is not unconstitutional in light of Apprendi, Blakely, and Booker.
 {¶ 40} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Trumbull County Court of Common Pleas is affirmed.
O'toole, J., concurs,
O'Neill, J., dissents with Dissenting Opinion.
[1] Appellant's girlfriend, Cecelia Black, testified that she owned a white Toyota Tricell.