**The STATE of Ohio, Appellee,**

v.

**BRINKMAN, Appellant.**

[Cite as *State v. Brinkman,* 168 Ohio App.3d 245, 2006-Ohio-3868.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–05–058.

Decided July 28, 2006.

246

Raymond C. Fischer, Wood County Prosecuting Attorney, and Gwen Howe–Gebers and Jacqueline M. Kirian, Assistant Prosecuting Attorneys, for appellee.

Wendell R. Jones, for appellant.

SINGER, Presiding Judge.

{¶ 1} This is an appeal from a sentencing order issued by the Wood County Court of Common Pleas. For the reasons that follow, we reverse in part and affirm in part.

{¶ 2} Appellant is Rickie Brinkman. In 2005, appellant was indicted by the Wood County Grand Jury for the illegal manufacture of drugs and illegal possession of chemicals for methamphetamine manufacture, both with school-proximity specifications, insurance fraud, and engaging in a pattern of corrupt activity.

{¶ 3} Appellant was found indigent, and counsel was appointed. He initially pleaded not guilty to all charges but later agreed to plead guilty to drug manufacture, without a specification, insurance fraud, and engaging in a pattern of corrupt activity. The trial court accepted appellant's plea and sentenced him to concurrent terms of incarceration of five years, one year, and five years respectively for the offenses. The court also imposed a mandatory $7,500 fine with respect to the drug manufacture charge. The court denied appellant's subsequent motion to waive the fine.

{¶ 4} On appeal, appellant does not contest his conviction, but sets forth the following three assignments of error concerning his sentence:

{¶ 5} "Assignment of error No. 1:

{¶ 6} "The Trial Court erred to the prejudice of Appellant by imposing a mandatory fine in this matter and denying his subsequent Request for Waiver of said fine.

{¶ 7} "Assignment of error No. 2:

{¶ 8} "Appellant's sentence was contrary to law in that it was not consistent with a sentence imposed by the same Trial Court for a similar crime committed by a similar offender under very similar circumstances, and in violation of O.R.C. § 2929.11(B).

{¶ 9} "Assignment of error No. 3:

{¶ 10} "Appellant was denied Due Process when the Trial Court imposed non-minimum sentences pursuant to O.R.C. §§ 2929.14."

## I. Waiver of Mandatory Fine

{¶ 11} In his first assignment of error, appellant argues that the trial court abused its discretion when it decided not to waive the mandatory fine.

{¶ 12} For certain crimes, the court must impose a mandatory fine unless the offender is indigent and is unable to pay. R.C. 2929.18(B)(1). Before imposing a financial sanction under R.C. 2929.18 or a fine under R.C. 2929.32, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine. R.C. 2929.19(B)(6).

{¶ 13} The decision to impose or waive a fine rests within the sound discretion of the court and will not be reversed on appeal absent an abuse of that

discretion. See *State v. Kruse*, 6th Dist. No. WD–05–001, 2006-Ohio-3179, 2006 WL 1718194, at ¶ 49, citing *State v. Gipson* (1998), 80 Ohio St.3d 626, 634, 687 N.E.2d 750. "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144.

{¶ 14} A presentence investigation was not conducted before sentencing. At the plea hearing, appellant testified that he and his wife owned a home in Illinois that had been purchased 12 years ago for $58,000, that he owned two horses that he had bought for $450, and that he had made $19.94 per hour working as a carpenter prior to his arrest. Appellant also testified that after being released from jail he could continue to work as a carpenter as long as he kept his union dues paid.

{¶ 15} Notwithstanding appellant's status as an indigent, the trial court imposed the mandatory fine and refused appellant's request for a waiver, because it concluded that after appellant is released from prison, it is still very likely that he will be able to pay the fine. In a later entry, the court stated that its reason for not waiving the fine was that appellant will be employable upon his release and that appellant has equity in a home.

{¶ 16} Appellant maintains that the trial court cannot use future ability to pay when determining whether to waive the fine. However, the cases appellant uses to support this position, *State v. Lefever* (1993), 91 Ohio App.3d 301, 632 N.E.2d 589; *State v. Gutierrez* (1994), 95 Ohio App.3d 414, 642 N.E.2d 674; and *State v. Pendleton* (1995), 104 Ohio App.3d 785, 663 N.E.2d 395, were decided before R.C. 2929.19(B)(6) went into effect. R.C. 2929.19(B)(6) expressly allows the trial court to consider, among other things, future ability to pay when deciding whether to waive the financial sanction.

{¶ 17} When determining someone's ability to pay, a court may hold a hearing on the issue, but a hearing is not required. *State v. Hartsell*, 6th Dist. Nos. L–03–1039, L–03–1040, 2004-Ohio-1331, 2004 WL 541064, at ¶ 15. The record only needs to show that the court considered a defendant's present and *future ability to pay.* Id.

{¶ 18} The trial court satisfied the requirements of R.C. 2929.19(B)(6) and considered appellant's present and future ability to pay before imposing the financial sanction. Moreover, given the evidence before the court relating to appellant's future earning capacity and the home in Illinois, we cannot say that the trial court's decision not to waive the fine was arbitrary, unreasonable, or unconscionable.

{¶ 19} Accordingly, appellant's first assignment of error is not well taken.

## II. Consistency of Sentences

{¶ 20} In his second assignment of error, appellant contends that the imposition of the fine is contrary to R.C. 2929.11(B) because it is inconsistent with the punishment given out by the trial court in a case decided just prior to appellant's case.

{¶ 21} R.C. 2929.11(B) provides that sentences imposed for similar offenses by similar offenders should be consistent. This does not mean, however, that the role of an appellate court is to glean all data to determine whether the sentence imposed by the trial court is in "lockstep with others." *State v. Ryan,* 10th Dist. No. C–020283, 2003-Ohio-1188, 2003 WL 1094003, at ¶ 10. If a sentencing court has properly considered the statutory sentencing factors and guidelines and the appropriate sentencing range, and has properly observed the principles and purposes of felony sentencing, consistency will result. *State v. Lathan,* 6th Dist. No. L–03–1188, 2004-Ohio-7074, 2004 WL 2983613, at ¶ 26, reversed in part on other grounds, 2005-Ohio-321, 2005 WL 221624.

{¶ 22} "When a sentence is objected to and alleged to be inconsistent with other sentences, what is truly being contested is whether the sentence is supported by the record. Therefore, an appellate court's task is to review the sentence to see if by clear and convincing evidence the appellant has shown the sentence was not supported by the record or was contrary to law." Id. at ¶ 27. Clear and convincing evidence is that degree of proof necessary to instill in the mind of the observer a firm conviction or belief of that which is sought to be established. *Cross v. Ledford* (1954), 161 Ohio St. 469, 53 O.O. 361, 120 N.E.2d 118, at paragraph three of the syllabus.

{¶ 23} In this matter, appellant directs our attention to a case that he asserts is similar to his, which was heard recently in the Wood County Court of Common Pleas. In that case, appellant observes, the court elected to waive the mandatory fine. Appellant urges that to be consistent, he should have been treated the same way.

{¶ 24} Appellant has failed to direct our attention to any omission of the consideration of any statutory guideline or sentencing factor that the trial court failed to observe. He makes no argument, with respect to the fine, that the penalty imposed was unauthorized in law. There is no suggestion that the imposition of the statutorily mandated fine was not in conformity with the purposes and principles of felony sentencing. Consequently, appellant has failed to establish by clear and convincing evidence that the trial court's refusal to waive

his fine was inconsistent. Accordingly, appellant's second assignment of error is not well taken.

### III. Nonminimum Sentences

{¶ 25} In his third assignment of error, appellant insists that the trial court's imposition of nonminimum sentences violated his Sixth Amendment rights pursuant to *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403.

{¶ 26} Even though appellant was a first offender, the trial court imposed five-year sentences for the charges of manufacturing drugs, a second-degree felony, and engaging in a pattern of corrupt activity, a first-degree felony. The minimum term of incarceration for a second-degree felony is two years; it is three years for a first-degree felony. R.C. 2929.14(A).

{¶ 27} R.C. 2929.14(B), effective at the time of appellant's sentencing, directed a sentencing court to impose on a first offender the shortest term of incarceration within the range of statutorily authorized sentences, unless the court found that to do so would demean the seriousness of the offender's conduct or fail to adequately protect the public from future crime. In support of the sentence imposed in this matter, the trial court found that a minimum sentence would demean the seriousness of appellant's conduct.

{¶ 28} At issue when appellant was sentenced was the applicability of *Blakely* to Ohio's sentencing scheme. *Blakely* held that when a sentencing judge is required to make factual findings to justify an enhanced sentence, the practice violated the defendant's Sixth Amendment right to trial by jury. Id. at 305, 124 S.Ct. 2531. When appellant was sentenced, this court and many others had held that *Blakely* was inapplicable to Ohio's sentencing statutes. *State v. Curlis*, 6th Dist. No. WD–04–032, 2005-Ohio-1217, 2005 WL 635025, at ¶ 18. Subsequent to appellant's sentencing, however, *Curlis* and similar cases were overturned.

{¶ 29} In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Ohio Supreme Court held that *Blakely* applied to several provisions of the Ohio sentencing statutes, including R.C. 2929.14(B). Id. at ¶ 97. The court ordered that sentences imposed under the offending provisions be vacated and that the matter be remanded to the trial court for resentencing. Id. at ¶ 104. This is the remedy appellant now seeks.

{¶ 30} The state responds that appellant is not entitled to be resentenced because he failed to raise the *Blakely* issue at his sentencing hearing. Citing *State v. Murphy* (2001), 91 Ohio St.3d 516, 532, 747 N.E.2d 765, the state observes that the failure of a party to interject a contemporaneous objection to

error, even constitutional error, waives further consideration. The state insists that such should be the fate of a *Blakely* objection.

{¶ 31} We find this argument to be inconsistent with *Foster*, which clearly directs that "those [cases] pending on direct review must be remanded to trial courts for new sentencing hearings." *Foster* at ¶ 104; *State v. Mota*, 6th Dist. No. L–04–1354, 2006-Ohio-3800, 2006 WL 2053318. Consequently, appellant's third assignment of error is well taken.

{¶ 32} Our decision that a defendant's failure to make a *Blakely* objection at sentencing does not constitute a waiver is in conflict with the courts of appeals for both the Ninth and Tenth Districts. *State v. Jones*, 9th Dist. No. 22811, 2006-Ohio-1820, 2006 WL 933361; *State v. Payne*, 10th Dist. No. 05AP–517, 2006-Ohio-2552, 2006 WL 1401616, both hold that failure to bring a *Blakely* challenge at sentencing, if sentencing occurs after *Blakely* was decided, means that the defendant waives the right to the challenge.

{¶ 33} Section 3(B)(4), Article IV of the Ohio Constitution requires that when a court of appeals finds itself in conflict with another court of appeals on the same question of law, that court must certify its decision and the record of the matter to the Supreme Court of Ohio for a resolution of the question. *Whitelock v. Gilbane Bldg. Co.* (1993), 66 Ohio St.3d 594, 596, 613 N.E.2d 1032.

{¶ 34} We, therefore, certify the record of this case to the Supreme Court of Ohio for review and final determination on the issue of whether failure to raise a *Blakely* issue after *Blakely* was decided constitutes a waiver of the challenge. See *Mota*, 2006-Ohio-3800, 2006 WL 2053318, at ¶ 38.

{¶ 35} On consideration, the judgment of the Wood County Court of Common Pleas is affirmed in part and reversed in part. This matter is remanded to that court for resentencing. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expenses incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.

Judgment affirmed in part
and reversed in part,
and cause remanded.

PIETRYKOWSKI and PARISH, JJ., concur.