OPINION
{¶ 1} Appellant, Roosevelt Perry, appeals from the May 26, 2006 judgment entry of the Trumbull County Court of Common Pleas, in which he was resentenced for robbery and theft from an elderly person.
 {¶ 2} On September 19, 2001, appellant was indicted by the Trumbull County Grand Jury on four counts: count one, robbery, a felony of the second degree, in *Page 2 
violation of R.C. 2911.02(A)(2) and (B); counts two and three, robbery, felonies of the third degree, in violation of R.C. 2911.02(A)(3) and (B); and count four, theft from an elderly person, a felony of the fifth degree, in violation of R.C. 2913.02(A)(1) and (B)(3). At his arraignment on September 26, 2001, appellant entered a plea of not guilty.
 {¶ 3} A jury trial commenced on February 4, 2002. On February 6, 2002, the jury returned a verdict of guilty on all four counts. Pursuant to its February 26, 2002 judgment entry, the trial court sentenced appellant to a prison term of eight years on count one; five years on count two to run consecutive to count one; five years on count three to run concurrent to counts one and two; and count four to merge with count three for a total period of incarceration of thirteen years.
 {¶ 4} Appellant timely filed a notice of appeal, Case No. 2002-T-0035, alleging that his conviction with respect to count four, theft from an elderly person, was not supported by sufficient evidence, and that the trial court failed to comply with R.C. 2929.14(E)(4) in imposing consecutive sentences. On December 31, 2003, this court vacated appellant's sentence with regard to count four and remanded the matter to the trial court regarding the failure to comply with R.C.2929.14(E)(4) with respect to counts one, two, and three. State v.Perry, 11th Dist. No. 2002-T-0035, 2003-Ohio-7204.
 {¶ 5} A resentencing hearing was held on August 2, 2004. Pursuant to its August 2, 2004 judgment entry, the trial court sentenced appellant to a prison term of eight years on count one; five years on count two to run consecutive to count one; five years on count three to run concurrent to counts one and two for a total period of incarceration of thirteen years. *Page 3 
 {¶ 6} Appellant filed a timely notice of appeal, Case No. 2004-T-0113, asserting that the trial court's imposition of consecutive sentences based upon findings, pursuant to R.C. 2929.14(E)(4), not made by a jury nor admitted by appellant was contrary to law and violated his right to due process as guaranteed by the Fourteenth Amendment to the United States Constitution. This court affirmed the judgment of the trial court on September 2, 2005.[1] State v. Perry, 11th Dist. No. 2004-T-0113,2005-Ohio-4653.
 {¶ 7} Appellant appealed our decision to the Supreme Court of Ohio, which accepted his appeal. The Supreme Court reversed our judgment and remanded the case to the trial court for resentencing pursuant toState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 8} Pursuant to the Supreme Court's remand, on May 22, 2006, a resentencing hearing was held. The trial court sentenced appellant to a prison term of eight years on count one; five years on count two to run consecutive to count one; five years on count three to run concurrent to counts one and two; and count four to merge with count three for a total period of incarceration of thirteen years. It is from that judgment that appellant filed the instant appeal, raising one assignment of error:
 {¶ 9} "The trial court erred by imposing an illegal sentence."
 {¶ 10} In his sole assignment of error, appellant argues that the trial court erred by imposing an illegal sentence. Appellant contends that the Supreme Court of Ohio's decision in Foster conflicts with the due process and ex post facto clauses of the Ohio and United States Constitutions. He also alludes that his trial counsel failed to adequately preserve any of the issues raised in the instant assignment of error, thereby prejudicing him. *Page 4 
 {¶ 11} Appellant did not raise any constitutional objections to his sentence at the trial court level. The general rule is that challenges to constitutional issues must first be raised to the trial court or they are deemed waived for appellate review. See State v. Awan (1986),22 Ohio St.3d 120, syllabus. Currently, there is a split in the districts over this issue with respect to Foster. The Second, Sixth, and Seventh Districts conclude that this type of error cannot be waived. SeeState v. Davis, 2d Dist. No. 21047, 2006-Ohio-4005; State v.Brinkman, 168 Ohio App.3d 245, 2006-Ohio-3868; and State v.Buchanan, 7th Dist. No. 05 MA 60, 2006-Ohio-5653. The Ninth and Tenth Districts conclude that this error can be waived. See State v.Dudukovich, 9th Dist. No. 05CA008729, 2006-Ohio-1309; and State v.Draughon, 10th Dist. No. 05AP-860, 2006-Ohio-2445. However, this split should not last long, since the Sixth District has certified a conflict to the Supreme Court of Ohio on this issue. See Brinkman, supra, at ¶ 34.
 {¶ 12} With respect to the issue of waiver, we agree with the Second, Sixth, and Seventh Districts and determine appellant's constitutional argument to be unpersuasive. We note that the sentencing guidelines as well as appellant's due process and ex post facto claims have recently been addressed by this court in State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011[2] Based on our decision inElswick, those issues are without merit. Thus, because there was no due process or ex post facto violation, appellant cannot prove a claim of ineffective assistance of counsel. Appellant was not prejudiced by his counsel's "deficient performance," and he failed to establish that but for his counsel's "unprofessional errors," the result of the proceeding would have been different. See Strickland v. Washington (1984),466 U.S. 668, 687-694. *Page 5 
 {¶ 13} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Trumbull County Court of Common Pleas is affirmed.
WILLIAM M. O'NEILL, J., MARY JANE TRAPP, J., concur.
[1] Judge William M. O'Neill dissented with a Dissenting Opinion.
[2] In Elswick, the appeal dealt with more than the minimum sentences. However, the same analysis applies to maximum and consecutive sentences. *Page 1