DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Jan Eric Jones, appeals the May 25, 2005 judgment of the Wood County Court of Common Pleas which, following a guilty plea, sentenced appellant to a maximum sentence of five years of imprisonment for driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1), a third degree felony[1] *Page 2 
 {¶ 2} This case has previously been before this court. On June 9, 2006, we affirmed appellant's conviction and sentence. See State v.Jones, 6th Dist. No. WD-05-045, 2006-Ohio-2922. Thereafter, on October 27, 2006, we granted appellant's motion to reopen his appeal on the issue of whether the trial court's imposition of a maximum sentence was contrary to law.
 {¶ 3} Appellant now raises the following assignment of error:
 {¶ 4} "The judicial fact-finding engaged in by the trial court during appellant's sentencing was unconstitutional, and appellant's sentence must therefore be reconsidered on remand for violation of the proscription set forth in the Blakely decision, as applied thoughFoster."
 {¶ 5} In his sole assignment of error, appellant contends that the trial court erroneously relied on R.C. 2929.14(C) when it sentenced appellant to a maximum sentence. Conversely, the state argues that appellant waived the issue when he failed to raise it in the trial court.
 {¶ 6} As the state acknowledges, this court has held that a criminal defendant does not waive a Blakely challenge by failing to raise the issue in the trial court. See State v. Brinkman, 168 Ohio App.3d 245,2006-Ohio-3868; State v. Custodia Mota, 6th Dist. No. L-04-1354,2006-Ohio-3800. The state urges this court to reconsider its prior rulings. We decline and will review appellant's assignment of error in accordance with the Supreme Court of Ohio's decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. *Page 3 
 {¶ 7} The Foster court, applying Blakely v. Washington (2004),542 U.S. 296, and Apprendi v. New Jersey (2000), 530 U.S. 466, held that R.C. 2929.14(B), (C) and 2929.19(B)(2), concerning the imposition of nonminimum and maximum sentences, violate a defendant's Sixth Amendment right to a trial by jury. Id. at paragraphs one and two of the syllabus. The court severed these provisions from the sentencing code and instructed that all cases pending on direct review in which the unconstitutional sentencing provisions were utilized must be remanded for resentencing without reliance on the severed statutory provisions. Id., ¶ 103-104.
 {¶ 8} In the present case, at the May 23, 2005 sentencing hearing and in its May 25, 2005 judgment entry, the trial court found that the shortest prison term would demean the seriousness of the offense and not adequately protect the public (R.C. 2929.14(B)) and that appellant committed the worst form of the offense (R.C. 2929.14(C)); the court then imposed a maximum sentence. Accordingly, because the trial court relied on portions of the sentencing statutes that Foster held were unconstitutional, appellant's assignment of error is well-taken.
 {¶ 9} On consideration whereof, we find that the sentence of the Wood County Court of Common Pleas is reversed and this case is remanded to the trial court for resentencing. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
 JUDGMENT REVERSED. *Page 4 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J., CONCUR.
[1] In addition, appellant driver's license was permanently suspended, he was ordered to participate in a drug and alcohol program while in prison, and any vehicle titled in appellant's name was ordered to be forfeited. *Page 1