DECISION AND JUDGMENT ENTRY
{¶ 1} Curtis Storms, defendant below and appellant herein, appeals his Athens County Common Pleas Court re-sentencing for aggravated burglary, aggravated robbery, kidnaping, felonious assault, and tampering with evidence and assigns the following errors for review:
 FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT VIOLATED ORC 2929.11(B) WHEN IT SENTENCED THE DEFENDANT/APPELLANT TO FORTY (40) YEARS OF INCARCERATION WHICH IS CLEARLY INCONSISTENT WITH SENTENCES IMPOSED FOR SIMILAR CRIMES COMMITTED BY SIMILAR *Page 2 
OFFENDERS."
 SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED AND VIOLATED THE APPELLANT'S RIGHTS TO DUE PROCESS AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION BY IMPOSING A LONGER SENTENCE AFTER APPELLANT HAD SUCCESSFULLY APPEALED HIS CONVICTION AND SENTENCE."
 {¶ 2} Eighty-four year old Martha Frum lived alone at her Rock Riffle Road home. In the early hours of April 3, 2005, she awoke to find three intruders in her bedroom. One intruder jumped on top of her, duct taped her mouth closed, flipped her on her stomach and then duct taped her arms behind her back. Frum struggled, but the man asked "did [she] want to die [?]" Frum remained still as the intruders ransacked her purse, wardrobe, chest of drawers and made off with several billfolds. After they left, Frum managed to make her way to a neighbor's home and then to the highway to seek help.
 {¶ 3} Later that day, Athens County Sheriff's Department Detective Alan Flickinger received word of a suspicious vehicle abandoned in a church parking lot. He impounded the vehicle after he observed two nylon stockings and duct tape. Several days later, appellant called the Sheriff's Department to ask why his car had been "towed." Detective Flickinger invited appellant to come in to discuss the matter. Appellant did so, and eventually confessed his involvement in the Frum robbery.
 {¶ 4} The Athens County Grand Jury returned an indictment charging appellant with four counts of aggravated burglary, two counts of aggravated robbery, and one *Page 3 
count each of kidnaping, felonious assault, and tampering with evidence.[1] Initially, appellant pled not guilty to all offenses but later agreed to plead guilty to five counts in exchange for a dismissal of four counts.
 {¶ 5} The trial court accepted appellant's pleas and found him guilty. At the sentencing hearing, the court heard from the victim and from appellant. After balancing the requisite statutory factors, the court sentenced appellant to serve separate ten year prison terms for aggravated burglary, aggravated robbery, kidnaping and felonious assault. The court also sentenced appellant to serve five years for tampering with evidence. The court further ordered that the aggravated burglary, aggravated robbery and tampering with evidence sentences be served consecutively, and the kidnaping and felonious assault sentences be served concurrently, but consecutive to the other sentences. In total, the court imposed an aggregate thirty-five (35) year prison sentence.
 {¶ 6} On appeal, we affirmed appellant's convictions but vacated his sentences and remanded the matter to the trial court for re-sentencing in light of State v. Foster 109 Ohio St.3d 1, 845 N.E.2d 470,2006-Ohio-856. See State v. Storms, Athens App. No. 05CA30,2006-Ohio-3547, at ¶¶ 18-19 ("Storms I"). At the re-sentencing hearing, a letter from Martha Frum was read into the record and the trial court heard testimony from appellant, his sister and his mother.
 {¶ 7} Weighing that evidence together with the rest of the record, the trial court imposed the same sentence(s), but ordered the terms for aggravated robbery, aggravated burglary, felonious assault and kidnaping to be served consecutively for a *Page 4 
total of forty (40) years imprisonment.[2] The court explained that appellant deserved a more severe sentence at the first sentencing hearing, but felt constrained by Ohio's felony sentencing laws that had since been declared unconstitutional. This appeal followed.
 I {¶ 8} Appellant asserts in his first assignment of error that his sentences are inconsistent with sentences imposed for similar crimes committed by similar offenders. We disagree.
 {¶ 9} R.C. 2929.11 provides in pertinent part:
 "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." (Emphasis added.)
 {¶ 10} At the outset, we point out that the parties gave the "consistency" issue a thorough discussion during the trial court proceeding. Defense counsel introduced certified copies of sentencing entries from other cases for the trial court's consideration. The prosecution responded that all the cases that the defense cited are factually dissimilar to the instant case. In the end, the trial court agreed with the prosecution. *Page 5 
The court also noted that "the difficulty" with the consistency issue is that "[e]very case is individual." Here, the individual factors that concerned the court are the victim's age (eighty four years) and the violence involved in the commission of the offense (the offenders choked and duct taped the victim). Now, Martha Frum suffers deteriorating health and lives in fear appellant will be released from prison to do further harm.[3] Moreover, as the trial court aptly noted, the viciousness of the attack could easily have resulted in the victim's death and, in that event, appellant could have faced life in prison. Because the victim survived the attack, however, appellant is facing forty years incarceration and can possibly "take advantage of the parole system."
 {¶ 11} When a sentence is alleged to be inconsistent with other sentences, what is truly being contested is whether the sentence is supported by the record or is contrary to law. State v. Brinkman,168 Ohio App.3d 245, 859 N.E.2d 595, 2006-Ohio-3868, at ¶ 22. If a trial court has properly considered the statutory sentencing factors, guidelines, the appropriate sentencing range, and the principles and purposes of felony sentencing, consistency will result. Id. at ¶ 21; also see State v. Ashley, Lake App. No. 2006-L-134, 2007-Ohio-690, at ¶ 29; State v. King, Muskingum App. No. CT06-20, 2006-Ohio-6566, at ¶ 25; State v. Quine, Summit App. No. 20968, 2002-Ohio-6987, at Tf12. Our task on appeal is not to determine whether the trial court imposed a sentence that is in lockstep with others, but to ascertain whether the sentence is so unusual as to be outside the judicial mainstream.State v. Rutter, Muskingum App. No. 2006-CA-25, 2006-Ohio-4061, at ¶ 26; State v. Ryan, Hamilton App. No. C-020283, 2003-Ohio-1188, *Page 6 
at ¶ 10. We are not persuaded that the sentence imposed in the case at bar is outside the judicial mainstream.
 {¶ 12} Clearly, in the case sub judice the trial court considered the purposes and principles of sentencing, the range of available sentences and the statutory sentencing factors. The court believed that the viciousness of the crime, and the victim's frailty, warranted a lengthy prison sentence. This disposition is well within the trial court's discretion.
 {¶ 13} For these reasons, we hereby overrule appellant's first assignment of error.
 II {¶ 14} Appellant asserts in his second assignment of error that the trial court violated his Due Process rights by imposing a greater aggregate sentence on remand than was originally imposed. We disagree with appellant.
 {¶ 15} In North Carolina v. Pearce (1969), 395 U.S. 711, 724,89 S.Ct. 2072, 23 L.Ed.2d 656, the United States Supreme Court deemed it a "flagrant" violation of Due Process for trial courts to impose a more severe sentence on reconviction as a punishment for prosecuting a successful appeal. A presumption of vindictive punishment arises when the same judge who presided at trial resentences the defendant after his successful appeal. That presumption may be rebutted, however, if the trial court makes an affirmative finding on the record of the events that occurred after the original sentence. State v. Anderson,151 Ohio App.3d 422, 784 N.E.2d 196, 2003-Ohio-422, atf7; State v. Glover, Cuyahoga App. No. 88317, 2007-Ohio-2122, at 1f109; State v. Davis, Clark App. No. 2006CA69, 2007-Ohio-1030, at ¶ 25.
 {¶ 16} Although it is true in this case that the same trial judge imposed a harsher *Page 7 
sentence after appellant's partially successful appeal, this disposition does not involve vindictive punishment. Rather, the trial court's disposition is reflective of the changes that occurred in Ohio's felony sentencing law after appellant's first conviction and sentence.
 {¶ 17} After the trial court imposed appellant's original sentence, the Ohio Supreme Court decided Foster. As the court noted, prior toFoster Ohio felony sentencing was constrained by statutes that required courts to, inter alia, make various factual findings. The court explained that appellant's original sentence reflected the court's concern that the sentence might be reversed on appeal because appellant does not have "a significant criminal record." In other words, because of the controlling felony sentencing statutes in effect at that time, the trial court imposed a less severe sentence than it otherwise would have imposed.
 {¶ 18} Indeed, when the revised felony sentencing statutes became law in 1997, the statutes oftentimes provided for more lenient sentences. For that reason this court and others fielded a wide array of cases from prisoners seeking to retroactively benefit from those changes. See e.g.State v. Augustine (Apr. 1, 1998), Medina App. No. 2762-M; State v.Swain (Mar. 24, 1998), Ross App. No. 97CA2320; State v. Milby (Oct. 24, 1997), Miami App. No. 97-CA-21. However, when the Ohio Supreme Court struck down some of those provisions in Foster, it restored to trial courts "full discretion" to impose prison sentences within the allowable statutory range and to order that those sentences be served consecutively. See 2006-Ohio-856, at paragraph seven of the syllabus. In so doing, the court recognized that nothing prevents the State from "seeking greater penalties." Id. at 1J105. Thus, if the State may seek greater penalties on re-sentencing, then trial courts may, if warranted, grant such requests. Moreover, *Page 8 
since Foster various appellate courts have either implicitly or explicitly acknowledged that more severe sentences may be imposed on re-sentencing. See e.g. State v. Garcia, Mahoning App. No. 05MA2229,2007-Ohio-3181, at ¶ 11; State v. Rosado, Cuyahoga App. No. 88504,2007-Ohio-2782, at ¶ 6; State v. Bradford, Lake App. No. 2006-L-140,2007-Ohio-2575, at ¶ 18.
 {¶ 19} To summarize, we find nothing in the record of this case to support appellant's claim that the trial court imposed a greater sentence because he prosecuted a partially successful appeal. To the contrary, the court explained that it imposed a greater sentence because it is no longer constrained by the various fact-finding and guideline requirements struck down in Foster. Here, the court had possessed the discretion to impose an aggregate greater sentence. In view of the heinous circumstances of the crimes at issue, we find no abuse of the trial court's discretion. Therefore, we hereby overrule appellant's second assignment of error.
 {¶ 20} Having reviewed both errors assigned and argued by appellant in his brief, and finding merit in neither of them, the judgment of the trial court is hereby affirmed.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period. *Page 9 
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McFarland, P.J. Kline, J.: Concur in Judgment Opinion
[1] Some counts were related to break-ins at other homes.
[2] The court ordered the five year term for tampering with evidence to be served concurrently to the other sentences.
[3] "Consistency" is just one of the considerations in R.C. 2929.11. The trial court considered this factor, but in the end, gave more weight to the need to punish appellant and to protect the public.
 *Page 1