[Cite as *State v. Bohanon*, 2013-Ohio-261.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 98217

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TAMEKA BOHANON

DEFENDANT-APPELLANT

### JUDGMENT:
AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-535173

**BEFORE:**  Boyle, P.J., Celebrezze, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**  January 31, 2013

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
BY:   John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio   44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Kristen L. Sobieski
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, P.J.:

{¶1}   Defendant-appellant, Tameka Bohanon, appeals her conviction and sentence.   She raises two assignments of error for our review:

1.   Appellant was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution, when her counsel failed to move to dismiss the indictment for violation of her statutory right to speedy trial, R.C. 2945.71 et seq.

2.   The journal entry of sentencing erroneously reflects a sentence of 16 years and 11 months when only a sixteen year sentence was imposed.

{¶2}   We find merit to Bohanon's second assignment of error and remand for the trial court to correct the sentencing journal entry.

## Procedural History and Factual Background

{¶3}   Bohanon was indicted on nine counts in March 2010.   In August 2010, Bohanon pleaded guilty to an amended count of burglary with a forfeiture specification, an amended count of felonious assault with a furthermore clause that the victim was a police officer, and improperly handling a firearm in a motor vehicle as indicted.   The remaining counts were nolled.

{¶4}   At the sentencing hearing, the trial court sentenced Bohanon to nine years for burglary and seven years for felonious assault, and ordered that they be served consecutive to each other.   It then sentenced her to 11 months for failure to comply and ordered that it be served concurrent to the other prison terms, for an aggregate sentence of 16 years.   The trial court further notified Bohanon that she would be subject to a

mandatory period of five years of postrelease control.

**{¶5}** In the sentencing entry, however, the trial court incorrectly sentenced Bohanon to 16 years and 11 months. We will address this issue in Bohanon's second assignment of error.

Ineffective Assistance of Counsel

**{¶6}** In her first assignment of error, Bohanon argues that her trial counsel was ineffective for failing to move the court to dismiss her indictment because her statutory speedy-trial rights were violated under R.C. 2945.71.

**{¶7}** It is well settled in Ohio, however, that when an accused enters a plea of guilty, he or she waives the right to challenge his or her conviction on statutory speedy-trial grounds on appeal. *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph one of the syllabus (reaffirming and applying its prior holding in *Montpelier v. Greeno*, 25 Ohio St.3d 170, 495 N.E.2d 581 (1986)).

**{¶8}** The fact that Bohanon raises her speedy-trial issue by claiming her counsel was ineffective does not change our analysis. This court has held that when a defendant pleads guilty, he or she also waives the right to claim that his or her counsel was ineffective based upon statutory speedy-trial issues. *State v. Johnson*, 8th Dist. No. 61904, 1993 Ohio App. LEXIS 1263, *9 (Mar. 4, 1993); *State v. Goodwin*, 8th Dist. No. 93249, 2010-Ohio-1210, ¶ 10; *State v. Miller*, 8th Dist. No. 94790, 2011-Ohio-928, ¶ 16.

**{¶9}** Even if we were to address Bohanon's speedy-trial argument, we find no violation. Bohanon argues that under the Ohio speedy-trial statute, the triple-count

provision applied because she was only held in jail in lieu of bond on the underlying case. *See* R.C. 2945.71(E) (each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days). She asserts that she was not brought to trial until 112 days, over the 90 days the state had to do so.

{¶10} At the time of her arrest, however, Bohanon had another case pending — Cuyahoga C.P. No. CR-529741. She acknowledges that case, but maintains that the trial court never revoked her bond in that case after she was convicted. She therefore asserts that for purposes of determining her speedy-trial time in the underlying action, she was only in jail solely for the one case during the pendency of the action, and thus, the triple-count provision applied. We disagree.

{¶11} On March 22, 2010, Bohanon pleaded guilty in Cuyahoga C.P. No. CR-529741 to three counts of aggravated vehicular assault. Sentencing was set for April 19, 2010. But Bohanon filed a motion to continue her sentencing in that case until the underlying case at issue was resolved. In her motion, she states, "defendant is presently being held in the Cuyahoga County Jail." The trial court granted her motion and ultimately sentenced Bohanon on both cases on September 22, 2010 (she was sentenced to 11 months in prison in Cuyahoga C.P. No. CR-529741). Thus, the triple-count provision did not apply because Bohanon was being held in jail on two cases during the pendency of the charges against her in the present case.

{¶12} Bohanon asserts that her speedy-trial time was 112 days. The state calculated the speedy-trial time to be much less. Accepting Bohanon's speedy- trial

count as accurate (112 days), she was brought to trial well within the 270-day time period. We have also counted Bohanon's speedy-trial time and independently determined that Bohanon's speedy-trial rights were not violated.

**{¶13}** Accordingly, Bohanon's first assignment of error is overruled.

Sentence

**{¶14}** In her second assignment of error, Bohanon argues that the trial court incorrectly sentenced her to 16 years and 11 months in her sentencing entry, after informing her at her sentencing hearing that it was imposing a sentence of 16 years. The state concedes and we agree.

**{¶15}** As we stated, a review of the sentencing transcript reveals that the trial court sentenced Bohanon to nine years for burglary and seven years for felonious assault, and ordered that they be served consecutive to each other. It then sentenced her to 11 months for failure to comply and ordered that it be served concurrent to the other prison terms, for an aggregate sentence of 16 years.

**{¶16}** In the judgment entry, however, the trial court incorrectly stated that three prison terms for each offense should be served consecutive to each other, for an aggregate sentence of 16 years and 11 months.

**{¶17}** Bohanon's second assignment of error is sustained.

**{¶18}** Convictions affirmed; case remanded for the trial court to correct its judgment entry to reflect that Bohanon's sentence is 16 years, not 16 years and 11 months.

It is ordered that appellee and appellant share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for proceedings consistent with this opinion.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
SEAN C. GALLAGHER, J., CONCUR