[Cite as *State v. Van Horn*, 2013-Ohio-1986.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98751**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JADELL VAN HORN

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-551978

**BEFORE:**   Kilbane, J., Jones, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:**   May 16, 2013

**ATTORNEY FOR APPELLANT**

John T. Castele
614 West Superior Avenue
Suite 1310
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Kevin R. Filiatraut
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Jadell Van Horn ("Van Horn"), appeals from his guilty plea and sentence for aggravated murder and other offenses. For the reasons set forth below, we affirm.

{¶2} The record reflects that on July 6, 2011, Van Horn and five other individuals were indicted in Case No. CR-551978 [1] pursuant to a seventeen-count indictment following the March 7, 2011 shooting death of Navario Banks ("Banks") at his home in Warrensville Heights. As it pertains to Van Horn, the indictment charged him with aggravated murder (prior calculation and design), aggravated murder (felony murder in connection with aggravated burglary), aggravated murder (felony murder in connection with aggravated robbery), and aggravated murder (felony murder in connection with kidnapping), and two counts each of aggravated burglary, aggravated robbery, and kidnapping, all with one- and three-year firearm specifications, notice of a prior conviction, repeat violent offender specifications, and forfeiture of a weapon specifications.

{¶3} The record also indicates that Van Horn was indicted in Case No. CR-548943 [2] in connection with the alleged March 8, 2011 attack on Erik Cromwell

---

[1] This case superseded an earlier indictment in Case No. CR-548517, which was subsequently dismissed.

[2] This case superseded an earlier indictment in Case No. CR-548193, which was subsequently dismissed.

("Cromwell"). This indictment charged him with one count of attempted murder and two counts of aggravated robbery, all with one- and three-year firearm specifications, notice of a prior conviction, repeat violent offender specifications, and having a weapon while under disability.

{¶4} On January 31, 2012, Van Horn filed a motion to suppress in Case No. CR-551978, alleging that the police had improperly obtained his text messages and cell phone records to determine his location at the time Banks was attacked. The trial court held a hearing on March 1, 2012. Warrensville Heights Police Detective Dennis Fossett ("Fossett") testified that Banks spoke with several individuals on his cell phone immediately before he was murdered. The last phone call that he received was from Van Horn. Van Horn agreed to speak with the police, and eventually implicated himself, stating that Banks was forced to his knees and shot in the head, in connection with a robbery. The police also obtained a search warrant to search Van Horn's cell phone and subpoenaed additional phone records from his cell phone provider.

{¶5} The trial court denied the motions to suppress, and on March 20, 2012, Van Horn entered into a plea agreement with the state of Ohio, whereby he pled guilty to all of the charges in both pending cases. At this time, the court explained all of the potential penalties for all of the offenses in both Case No. CR-551978 and Case No. CR-548943. The court then stated:

> The Court: [D]o you understand that that is the range of possible sentences on each of these charges in these two indictments?
>
> The Defendant: Yes, sir.

**{¶6}** The trial court sentenced Van Horn in both matters on April 18, 2012. In Case No. CR-551978, the trial court merged the aggravated murder convictions into a single count (Count 1) and sentenced him to 25 years to life for that count. The court also merged the aggravated burglary charges into a single count (Count 5) and sentenced him to a concurrent five-year term. The court merged the aggravated robbery and kidnapping charges into a single count (Count 7) and sentenced him to a concurrent ten-year term. The court also imposed a three-year consecutive term for the firearm specifications and a five-year consecutive term for the repeat violent offender specifications, for a total term of 33 years to life.[3]

**{¶7}** In Case No. CR-548943, the trial court merged the aggravated robbery convictions into a single count (Count 1) and sentenced Van Horn to five years for that offense. The court imposed a concurrent five-year term on the attempted murder charge, a concurrent one-year term for the charge of having a weapon while under disability, and a consecutive three-year term for the firearm specification. The court also imposed five years of mandatory postrelease control sanctions. The trial court ordered that this term, totaling eight years, be served consecutively to the term imposed in Case No. CR-551978.[4]

**{¶8}** Van Horn now appeals and assigns four errors for our review.

---

[3]In further proceedings on June 28, 2012, the court additionally ordered that Counts 9 and 10, which charged defendant with kidnapping and were not specifically addressed at the earlier sentencing hearing, be merged into Count 7.

[4]The appeal in this matter was filed only in Case No. CR-551978.

Assignment of Error One

The trial court erred in accepting the defendant's guilty pleas as such pleas were not entered into knowingly, intelligently and thus voluntarily because of the trial court's failure to advise the defendant of the maximum penalties associated with his guilty pleas.

{¶9}   Within this assignment of error, Van Horn complains that he understood that he would receive an aggregate sentence of 26 years to life, but that the court did not inform him that he could receive consecutive time as to all counts, which would total 63 years to life or life without parole.  He further complains that the court did not inform him that the term could be ordered to be served consecutively to his sentence in case No. CR-548943, and he did not understand the maximum penalty; therefore, his plea was not knowingly, intelligently, and voluntarily entered.

{¶10} Before accepting a no contest or guilty plea, the trial court must determine whether the defendant has knowingly, intelligently, and voluntarily entered the plea. Crim.R. 11(C); *State v. Johnson*, 40 Ohio St.3d 130, 132, 532 N.E.2d 1295 (1988); *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450.

{¶11} Pursuant to Crim.R. 11(C), the trial court shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges *and of the maximum penalty involved*, and, if applicable, that the defendant is not eligible for probation

or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

*Id.* (Emphasis added.)

{¶12} The right to be informed of the maximum penalty is not a constitutional right so this aspect of the guilty plea colloquy is reviewed for substantial compliance. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implication of his plea and the rights he is waiving." *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). Moreover, there must be some showing of prejudicial effect before a guilty plea may be vacated. *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).

{¶13} Further, neither the United States Constitution nor the Ohio Constitution requires that, in order to understand the consequences of a plea of guilty, the accused must be informed by the trial court, or must otherwise know, whether or not sentences imposed for separate crimes will run consecutively or concurrently. *Johnson*, 40 Ohio St.3d 130, 133, 532 N.E.2d 1295. The *Johnson* court held:

Failure to inform a defendant who pleads guilty to more than one offense that the court may order him to serve any sentences imposed consecutively, rather than concurrently, is not a violation of Crim.R. 11(C)(2), and does not render the plea involuntary.

*Id*. at syllabus.

*Accord State v. Gooch*, 162 Ohio App.3d 105, 108-109, 2005-Ohio-3476, 832 N.E.2d 821 (8th Dist.). In *Gooch*, the defendant complained that the trial court did not inform him of the maximum penalty prior to his guilty plea because he was not informed that his sentence could be ordered to be served consecutive to a term imposed in another case. This court rejected that interpretation of Crim.R. 11(C)(2), and quoting *Johnson*, the court explained:

> Upon its face the rule speaks in the singular. The term "the charge" indicates a single and individual criminal charge. So, too, does "the plea" refer to "a plea" which the court "shall not accept" until the dictates of the rule have been observed. Consequently, the term "the maximum penalty" which is required to be explained is also to be understood as referring to a single penalty. In the context of "the plea" to "the charge," the reasonable interpretation of the text is that "the maximum penalty" is for the single crime for which "the plea" is offered. It would seem to be beyond a reasonable interpretation to suggest that the rule refers cumulatively to the total of all sentences received for all charges which a criminal defendant may answer in a single proceeding.

*Id*.

{¶14} Applying the foregoing, we hold that the trial court was not required to tally all of the potential penalties for all of the offenses and apprise Van Horn of the cumulative total for both cases before accepting the guilty plea. Further, the trial court

was not required to inform Van Horn that the court may order him to serve any sentences imposed consecutively, rather than concurrently. Rather, in outlining all of the possible penalties for each of the charges in both pending cases, the trial court substantially complied with its duty to notify him of the maximum penalty for each offense as required by Crim.R. 11(C), as it indicated the maximum penalty for each offense to which he pled guilty.

{¶15} The first assignment of error is without merit.

Assignment of Error Two

The trial court erred in sentencing the defendant for aggravated robbery and aggravated burglary in that these two offenses were allied offenses of similar import and were allied offenses to aggravated murder.

{¶16} Under Ohio law, "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." R.C. 2941.25(A). However,

> [w]here the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25(B).

{¶17} In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Ohio Supreme Court redefined the test for determining whether two offenses are

allied offenses of similar import subject to merger under R.C. 2941.25. The *Johnson* court expressly overruled *State v. Rance*, 85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699, which required a "comparison of the statutory elements in the abstract" to determine whether the statutory elements of the crimes correspond to such a degree that the commission of one crime will result in the commission of the other. Pursuant to *Johnson*, the conduct of the accused must be considered in determining whether two offenses should be merged as allied offenses of similar import under R.C. 2941.25. *Id.* at syllabus. The determinative inquiry is two-fold: (1) "whether it is possible to commit one offense and commit the other with the same conduct," and (2) "whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.'" *Id.* at ¶ 48-49, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 50 (Lanzinger, J., dissenting). "If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged." *Id.* at ¶ 50.

> Conversely, if the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge.

*Id.* at ¶ 51.

{¶18} The term "animus," as defined by the Ohio Supreme Court in *State v. Logan*, 60 Ohio St.2d 126, 131, 397 N.E.2d 1345 (1979), means "purpose or, more properly, immediate motive."

{¶19} In *State v. Jarvi*, 11th Dist. No. 2011-A-0063, 2012-Ohio-5590, the court held that it was possible to commit both aggravated burglary and aggravated robbery with the same conduct.

{¶20} In *State v. Williams*, 4th Dist. No. 10CA3381, 2012-Ohio-6083, the court applied *Johnson*, 128 Ohio St.3d 153, ¶ 9, and held that aggravated robbery and aggravated (felony) murder are offenses of similar import under R.C. 2941.25(A), as are aggravated burglary and aggravated (felony) murder. *Accord State v. Walker*, 8th Dist. No. 97648, 2012-Ohio-4274, ¶ 93 ("The question we must answer under the first test in *Johnson* is whether it is possible to commit aggravated burglary, aggravated robbery, and felony murder with the same conduct. We find that it is.").

{¶21} We therefore consider whether Van Horn committed the crimes at issue herein separately or with a separate animus. Here, the record, including his statement, indicates that the group planned to rob Banks, that they entered his home with guns, and held him at gunpoint while the home was searched for drugs. They found marijuana. They next attempted to restrain Banks and then shot him in the back of the head. From the foregoing, we conclude that the crimes of aggravated burglary, aggravated robbery, and aggravated murder were all committed with a separate animus and do not merge; therefore, the trial court properly sentenced Van Horn for each of those offenses.

{¶22} The second assignment of error is without merit.

{¶23} Defendant's third and fourth assignments of error share a common basis in law and provide:

Assignment of Error Three

The defendant asserts that the sentence he received from the trial court was contrary to law and disproportional to the sentence received by the co-defendant.

Assignment of Error Four

The trial court erred by sentencing the defendant to consecutive sentences without making the proper findings according to law.

**{¶24}** In reviewing a felony sentence, we take note of R.C. 2953.08(G)(2), which

provides in pertinent part:

The court hearing an appeal * * * shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

**{¶25}** The trial court has the full discretion to impose any term of imprisonment

within the statutory range, but it must consider the sentencing purposes in R.C. 2929.11,

the guidelines contained in R.C. 2929.12, and *State v. Stone*, 3d Dist. No. 9-11-39,

2012-Ohio-1895, ¶ 10, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845

N.E.2d 470, ¶ 36-42; *State v. Elston*, 3d Dist. No. 12-11-11,  2012-Ohio-2842, ¶ 10.

**{¶26}** Here, the term imposed for aggravated murder, 25 years to life, is within the statutory range for this offense and is less than the possible terms of 30 years to life or life without parole.   R.C. 2929.03.   The five-year term imposed for aggravated burglary, a first degree felony, is within the statutory range for this offense, which is three to eleven years.   R.C. 2929.14.   The five-year term imposed for aggravated robbery in Case No. CR-551978, and the ten-year term imposed for aggravated robbery in Case No. CR-548943, a first degree felony, are within the statutory range for these offenses, which is three to eleven years.   R.C. 2929.14.   The five-year term imposed for attempted murder, a first degree felony, is within the statutory range for this offense, which is three to eleven years.   R.C. 2903.02, 2923.02, and 2929.14(A)(1).

Proportionality Analysis

**{¶27}** R.C. 2929.11(B) provides that a felony sentence shall "commensurate with and not [demean] the seriousness of the offender's conduct and its impact upon the victim, and [shall be] consistent with sentences imposed for similar crimes committed by similar offenders."

**{¶28}** We note that this court has previously found that in order to support a contention that a sentence is disproportionate to sentences imposed upon other offenders, the defendant must raise this issue before the trial court and present some evidence, however minimal, in order to provide a starting point for analysis and to preserve the issue for appeal.   *State v. Edwards*, 8th Dist. No. 89181, 2007-Ohio-6068; *State v. Lang*, 8th Dist. No. 92099, 2010-Ohio-433, *discretionary appeal not allowed*, 126 Ohio St.3d

1545, 2010-Ohio-3855, 932 N.E.2d 340; *State v. Cooper*, 8th Dist. No. 93308, 2010-Ohio-1983. A review of the record in the instant case reveals that defense counsel did raise the issue of proportionality at the sentencing hearing and preserved the issue for appeal.

**{¶29}** Van Horn contends that his sentence is disproportionate in light of the sentence received by the codefendants. The applicable analysis in assessing the proportionality of a sentence, however, is whether the sentence is proportionate to the severity of the offense committed, so as not to "shock the sense of justice in the community." *State v. St. Martin*, 8th Dist. No. 96834, 2012-Ohio-1633, ¶ 13, quoting *State v. Chaffin*, 30 Ohio St.2d 13, 282 N.E.2d 46 (1972). In *State v. Berlingeri*, 8th Dist. No. 95458, 2011-Ohio-2528, we stated:

> There is no requirement that co-defendants receive equal sentences. "Each defendant is different and nothing prohibits a trial court from imposing two different sentences upon individuals convicted of similar crimes." When that happens, "the task of the appellate court is to determine whether the sentence is so unusual as to be outside the mainstream of local judicial practice. We bear in mind that although offenses may be similar, there may be distinguishing factors that justify dissimilar sentences."

(Citations omitted.) *Id.* at ¶ 12.

**{¶30}** Here, the trial court stated:

> For the record, * * *, I did consider the issue of proportionality. The evidence was clear to my thinking that your client Mr. Van Horn was the actual shooter and thus deserved a lengthier sentence that the other person whose involvement was lesser.

**{¶31}** Further, in Van Horn's statement to police, he admitted that he held Banks at gunpoint while the others searched his home for drugs. Further, as noted by the State,

defendant admitted that he had a 9mm handgun, and codefendant Jermaine Crawford had a .38 caliber handgun but Banks was shot with the 9mm handgun. These were distinguishing factors to justify the dissimilar sentences, which the trial court stated on the record. Based on the foregoing, we cannot say that Van Horn's sentence is so unusual as to be outside the mainstream of local judicial practice.

Consecutive Sentences

{¶32} As to the imposition of consecutive terms, we note that in accordance with H.B. 86, which became effective on September 30, 2011, fact-finding is required prior to the imposition of consecutive sentences. *State v. Calliens*, 8th Dist. No. 97034, 2012-Ohio-703, ¶ 28; *State v. Bonner*, 8th Dist. No. 97747, 2012-Ohio-2931, ¶ 5. Further, as this court recently explained in *State v. Jones*, 8th Dist. No. 98371, 2013-Ohio-489, "R.C. 2929.14(C) refers to 'convictions of multiple offenses' and does not distinguish between multiple counts in a single case and multiple counts in separate cases."

{¶33} R.C. 2929.14(C)(4) provides as follows:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and *if the court also finds any of the following*:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

(Emphasis added.)

{¶34} Therefore, as revived, R.C. 2929.14(C)(4) now requires the trial court to engage in a three-step analysis in order to impose consecutive sentences. *State v. Lebron*, 8th Dist. No. 97773, 2012-Ohio-4156, ¶ 10. Under R.C. 2929.14(C)(4), in imposing consecutive sentences, the trial court must first find the sentence is necessary to protect the public from future crime or to punish the offender. *Id.* Next, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *Id.*

{¶35} Finally, the trial court must make at least one of the following findings: (1) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction imposed pursuant to R.C. 2929.16, 2929.17, or 2929.18, or while under postrelease control for a prior offense; (2) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (3) the offender's history

of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *Id.*; R.C. 2929.14(C)(a)-(c).

**{¶36}** A trial court is not required to use "talismanic words to comply with the guidelines and factors for sentencing." *State v. Brewer*, 1st Dist. No. C-000148, 2000 Ohio App. LEXIS 5455 (Nov. 24, 2000). It must be clear from the record, however, that the trial court actually made the findings required by statute. *State v. Pierson*, 1st Dist. No. C-970935, 1998 Ohio App. LEXIS 3812 (Aug. 21, 1998). A trial court satisfies this statutory requirement when the record reflects that the court has engaged in the required analysis and has selected the appropriate statutory criteria. *See State v. Edmonson*, 86 Ohio St.3d 324, 326, 1999-Ohio-110, 715 N.E.2d 131.

**{¶37}** In this matter, "the court considered all required factors of the law" and found that "prison is consistent with the purpose of R.C. 2929.11." The court noted that Van Horn was "responsible for many lives being destroyed." The record demonstrates that the court determined that a minimum sentence would be inappropriate in light of the seriousness of the offenses. The trial court found that the consecutive sentence was necessary to protect the public from future crime or to punish the offender and was not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Van Horn committed the offenses while on judicial release for aggravated robbery in Case No. CR-475629. In addition, the trial court clearly found that multiple offenses were committed as part of one or more courses of conduct, resulting in tremendous harm, as the offenses in Case No. CR-551978, involving the

murder of Banks, occurred on March 7, 2011, and the offenses in Case No. CR-548943, involving the attack on Cromwell, occurred the very next day, March 8, 2011. The court found that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public. The court stated:

> There is a principle, goes back several centuries, one quotation is, true justice is tempered by mercy. I showed you mercy in giving you judicial release previously. You repaid that by going out and killing one person, attempting to kill another person, within just two months.

{¶38} The trial court did not err in imposing consecutive sentences herein.

{¶39} The third and fourth assignments of error are without merit.

{¶40} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

LARRY A. JONES, SR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR