[Cite as *State v. Jones*, 2013-Ohio-4802.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99648**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ELBERT JONES

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART, REVERSED IN PART,
REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-535173

**BEFORE:** S. Gallagher, P.J., Rocco, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** October 31, 2013

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, OH   44113-2098


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Kerry A. Sowul
Assistant Prosecuting Attorney
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, P.J.:

{¶1} Defendant Elbert Jones appeals his conviction for aggravated burglary and having a weapon while under disability, entered upon his guilty plea. For the following reasons, we affirm in part and reverse in part the decision of the trial court and remand for the limited purpose of journalizing Jones's jail-time credit.

{¶2} Jones pleaded guilty to aggravated burglary and having a weapon while under disability with an agreed, aggregate prison sentence of three years. Both crimes were felonies of the second degree and subject to a mandatory term of postrelease control of three years. At Jones's sentencing hearing, the trial court incorrectly stated on the record that Jones was subject to a mandatory five-year term of postrelease control. The court's sentencing entry, however, properly imposed the mandatory three-year postrelease control term. Further, despite the fact that the trial court's sentencing entry imposed fines and court costs, the trial court granted Jones's subsequent motion to waive such in light of his inability to pay. Finally, at the sentencing hearing, the trial court noted that it would grant Jones jail-time credit, but omitted the calculation from the final sentencing entry. Jones's unopposed motion for jail-time credit, filed after the court journalized its sentencing entry but prior to this appeal, was never ruled upon.

{¶3} Jones timely appealed the trial court's entry of conviction, raising three assignments of error. In his first and third assignments of error, Jones argues that the trial court erred by imposing postrelease control for a period of five years, rather than

three years for a second-degree felony, and by imposing fines and court costs. Both those assigned errors are moot. According to our review of the docket, the trial court granted Jones's motion to waive the costs and fines, filed after entry of conviction was journalized but prior to this appeal, and actually imposed postrelease control for a period of three years, as Jones claims is appropriate.[1] Accordingly, his first and third assigned errors are overruled as moot.

> {¶4} In Jones's second assignment of error, he argues the trial court erred by failing to include the calculation of his jail-time credit. According to the record on appeal, Jones claimed to have 1,072 days of jail-time credit to be applied to his three-year sentence. The state concedes this error, agreeing that  [t]he trial court is responsible for properly calculating the number of days for which jail-time credit should be given. The trial court's failure to properly calculate a felony offender's jail-time credit pursuant to R.C. 2967.191 and to include the amount of jail-time credit in the body of the offender's sentencing judgment is plain error.

*State v. Collier*, 184 Ohio App.3d 247, 2009-Ohio-4652, 920 N.E.2d 416, ¶ 18 (10th Dist.). The trial court erred by not including the amount of jail-time credit in the sentencing entry. *Id.*; R.C. 2929.19(B)(2)(g)(i). Accordingly, we sustain Jones's second assignment of error and remand the case for the limited purpose of journalizing Jones's jail-time credit.

{¶5} The decision of the trial court is affirmed in part and reversed in part, and this cause is remanded for the limited purpose of journalizing Jones's jail-time credit.

---

[1]We acknowledge the fact that the trial court's oral pronouncement of the term of postrelease control differed from the journalized sentencing entry and that the state concedes that the five-year term would be error in this particular case. Regardless, because the court's journal entry correctly imposed the appropriate term of postrelease control, any error in the oral pronouncement is harmless. *State v. Deal*, 8th Dist. Cuyahoga No. 88669, 2007-Ohio-5943, ¶ 62.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
MARY EILEEN KILBANE, J., CONCUR