[Cite as *State v. Black*, 2014-Ohio-2976.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100114**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CLIFFORD BLACK

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-10-535173-C

**BEFORE:** Stewart, J., Celebrezze, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 3, 2014

**ATTORNEY FOR APPELLANT**

W. Scott Ramsey
The Standard Building, Suite 330
1370 Ontario Street
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Daniel T. Van
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant Clifford Black and three codefendants broke into a house, threatened and robbed the occupants at gunpoint, and then tried to run over two police officers as they were fleeing the scene of the crime. In exchange for his agreement to make a truthful statement to the police, Black pleaded guilty to aggravated robbery with a firearm specification; aggravated burglary; felonious assault with a firearm specification; two counts of felonious assault against a peace officer; and having a weapon while under disability. The court imposed a total prison term of 18 years — the longest term any of the four perpetrators received.

{¶2} Black raises three assigned errors for our review. He first argues that he pleaded guilty only because he understood from defense counsel that he would receive less than an eight-year sentence and that the court failed to inquire into that understanding as a basis for ensuring that the plea was knowingly entered. Black also complains that his sentence was inconsistent with his codefendants, particularly when he cooperated with the police. And finally, Black claims that he was denied the effective assistance of counsel.

I

{¶3} The plea bargain that Black entered into with the state required him to make a statement to the police and testify against his three codefendants. He maintains that defense counsel assured him that his cooperation with the state would result in a prison

term of less than eight years. With his sentence exceeding what he thought he would receive, Black argues that the court should have undertaken a more detailed inquiry during the plea colloquy to ensure that the guilty plea was being made voluntarily, knowingly, and freely.

{¶4} Crim.R. 11(C)(2)(a) requires the trial court to determine "that the defendant is making the plea voluntarily, with the understanding of the nature of the charges and of the maximum penalty involved and, if applicable, that the defendant is not eligible for probation" before accepting a guilty plea.

{¶5} There is no evidence in the record of any promises made to Black by the state, the court, or defense counsel regarding Black's sentence. On the contrary, the record shows that the state explicitly informed the court that no agreement had been reached with regard to sentencing. The prosecutor told the court: "[Black] agrees to testify against co-defendants and sentencing would be up to the Court. No agreed sentence would be part of this deal." Tr. 4. Likewise, when asked by the court whether there were any promises made to him in exchange for his guilty plea, Black responded in the negative. Tr. 14. With Black having told the court that no promises were made to him about sentencing, and there being nothing in the record on appeal to contradict that assertion, the court had no obligation to inquire further into that which Black had denied.

II

{¶6}   All three of Black's codefendants received shorter prison terms than Black received.   Citing R.C. 2929.11(B), Black complains that the length of his prison term is inconsistent with the sentences given to these codefendants because he cooperated with the state and provided a statement against those codefendants.

A

{¶7}   Before addressing the merits of Black's argument, we consider the state's contention that Black forfeited the right to raise the issue of consistency in sentencing by failing to object at sentencing.

{¶8}   We have held that "in order to support a contention that his or her sentence is disproportionate to sentences imposed upon other offenders, a defendant must raise this issue before the trial court and present some evidence, however minimal, in order to provide a starting point for analysis and to preserve the issue for appeal."   *State v. Munson*, 8th Dist. Cuyahoga No. 93229, 2010-Ohio-1982, ¶ 29.   *See also State v. Van Horn*, 8th Dist. Cuyahoga No. 98751, 2013-Ohio-1986, ¶ 28.

{¶9} The rule we stated in *Munson* applies when the defendant raises the issue of consistency in the abstract, against other offenders in different cases.   A judge should not impose a sentence without knowing what kind of sentences are being given by other judges — deciding what sentence is merited under any given situation necessarily requires a judge to look to sentences given to other offenders as a reference.   So it serves no purpose for a defendant to complain that a sentence is inconsistent with those given to

similar offenders if the defendant cannot prove the point to the judge by giving some sense of what kind of sentences similar offenders have received. Hence, the failure to object at the time of sentencing is usually fatal to a consistency claim.

{¶10} Black's situation is different, however. Black did not raise at the time of sentencing that his sentence was inconsistent with those given to similar offenders. His argument on appeal is that his sentence was inconsistent with those given to his three codefendants. The same judge sentenced all four offenders, so it is possible that Black could make a prima facie case of inconsistency. Under these circumstances, his failure to object at sentencing is not fatal to his consistency claim.

B

{¶11} R.C. 2929.11(B) states:

A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶12} While consistency in sentencing is a goal under R.C. 2929.11(B), the statute does not require "uniformity" in sentences. *State v. Sutton*, 8th Dist. Cuyahoga No. 97132, 2012-Ohio-1054, ¶ 16, citing *State v. Battle*, 10th Dist. Franklin No. 06AP-863, 2007-Ohio-1845, ¶ 24. By stating that a sentence shall be "reasonably" calculated to be consistent with sentences given to similar offenders, R.C. 2929.11(B) acknowledges that a judge has discretion in sentencing. If a judge is granted "full discretion to impose a prison sentence" within the applicable statutory range, *see State v.*

*Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 100, complete uniformity would be at odds with that discretion. *See State v. Warner*, 8th Dist. Cuyahoga No. 100197, 2014-Ohio-1519, fn. 1.

C

**{¶13}** In the statement that Black gave to the police as part of his plea agreement, he described how he and codefendants Sanchez Smith, Tameka Bohanon, and Elbert Jones, acted collectively to perpetrate an armed break-in and robbery at a residence. According to Black, Jones identified the house as a "sweet lick" because he had been there before and knew that the occupants were unarmed and had money and marijuana. Bohanon drove a van to the house identified by Jones: the other three codefendants were occupants in the van. Black and Smith exited the van while Bohanon and Jones remained in the van. Smith instructed Bohanon to drive around the corner and wait for his and Black's return. Black carried a shotgun; Smith carried a handgun. They forcibly kicked open a door, ordered the occupants at gunpoint to the floor, and robbed them of cash, marijuana, and a gaming system. When Black and Smith left the house to rendezvous with the van, it was not where they expected it to be. Smith called Bohanon to return with the van. When Bohanon returned, Black and Smith reentered the van. As Bohanon prepared to pull away, two police officers appeared. Black told Bohanon to drive away, even if it meant running down the police. Bohanon put the van in gear and started moving toward the police officers as if she was going to run them

over, but the police shot the tires, forcing the van to stop. The defendants were then arrested.

**{¶14}** All of the defendants eventually pleaded guilty. Jones received an agreed, three-year sentence after pleading guilty to aggravated burglary and having a weapon while under disability. *See State v. Jones*, 8th Dist. Cuyahoga No. 99648, 2013-Ohio-4802, ¶ 2. Bohanon received a 16-year sentence after pleading guilty to burglary, felonious assault with a peace officer specification, and improperly handling a motor vehicle. *See State v. Bohanon*, 8th Dist. Cuyahoga No. 98217, 2013-Ohio-261, ¶ 3. Smith received a sentence of 16 years and 11 months after pleading guilty to two counts of aggravated burglary with firearm specifications; two counts of aggravated robbery with firearm specifications, having a weapon while under disability, theft, and aggravated theft.

**{¶15}** Black, Bohanon, and Jones are not similar offenders for purposes of R.C. 2929.11(B). Even though all three participated in the robbery, neither Bohanon nor Jones pleaded guilty to counts of aggravated robbery. On that basis alone, they were not similar offenders in the sense that Black had any reasonable expectation that any sentence he received would be commensurate with the sentences that those two received.

**{¶16}** Smith was a similar offender to Black. They both pleaded guilty to two counts of aggravated robbery and, if Black's statements regarding the crime are to be credited, they acted similarly — they collectively kicked in the door to the premises, they both carried a firearm, they both threatened the occupants, and they both robbed the

premises.   We therefore find that Black can argue that his sentence was inconsistent with that given to Smith.

D

{¶17} Black's sentence is 13 months longer than the sentence given to Smith. However, it is similar enough to Smith's, that we are unable to say that Black's sentence is so inconsistent with the sentence given to Smith that it runs afoul of R.C. 2929.11(B), particularly given the overall length of prison time both offenders received. Additionally, the court had reason to sentence Black more severely than Smith given the nature of Black's involvement with the robbery.   When the court asked the prosecutor whether Black's involvement in the crime was less than Smith's or whether their involvement was of the same gravity, the prosecutor responded that Black's involvement was not less and that the gravity was the same.   The prosecutor went on to state, however, that "in investigating this case, it was Mr. Black who was more of the point man in execution of this home invasion and robbery."   Tr. 22.   By his own admission, Black carried a loaded shotgun while Smith carried only a handgun. In any event, Black raised no objection to the state's characterization of him as the "point man" in the robbery, so the court could find that his involvement warranted a marginally longer sentence than that given to Smith.

{¶18} Black claims that he was entitled to less time than Smith because he gave a statement to the police that caused the other defendants to enter guilty pleas.   While Black did give the police a statement as part of his guilty plea, his assertion that his

codefendants pleaded guilty because of that statement has no proof in the record.      The state told the court at sentencing   that Black was "upfront with the detectives" when giving his statement and that "he definitely shed more light on the situation and provided information that, had his co-defendants proceeded to trial,   that definitely would have assisted and aided the State in making its cases against them."   Tr. 19-20.   These comments do not indicate that Black's statement coerced his codefendants to plead guilty, only that it would have been helpful to the prosecution had the codefendants chosen to go to trial.   Without some proof in the record that his statement coerced his codefendants to plead guilty, Black's assertion appears to be *post hoc, ergo propter hoc* (a fallacy in which a former event is said to be the cause of a later event simply because the former event occurred earlier).

## III

{¶19} Black's third assignment of error is that defense counsel was ineffective in failing to raise the issue of consistency.   Having found that Black did not waive a consistency claim under the facts of this case, his assertion that counsel was ineffective in this regard is moot.

{¶20} Black also argues that his counsel was ineffective for inadequately informing him of the benefits "he should have received" as a result of his plea agreement and further, that counsel was ineffective for not arguing for a sentence that was less than his codefendants received because he assisted the state and his codefendants did not.   As previously stated, there is nothing in the record to support the contention that Black had

any promises made to him by the state, the court, or defense counsel regarding his sentence. The record is actually to the contrary. With regard to counsel being ineffective for failing to argue for a lesser sentence, Black would have to demonstrate that his counsel's performance was so deficient that it constituted a substantial violation of counsel's essential duties, and also that the results of Black's proceedings would have been different if counsel had properly represented him. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In light of our analysis of the second assigned error, there is no indication that the court would have sentenced Black to a lesser amount of time had his trial counsel raised the issue. Furthermore, the record indicates that the court was well aware of the assistance Black provided to the state and weighed it against his involvement in the crime compared to the involvement of his similarly-situated codefendant.

**{¶21}** The assigned errors are overruled.

**{¶22}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN T. GALLAGHER, J., CONCUR