The STATE of Ohio, Appellee,

v.

COLLIER, Appellant.

[Cite as *State v. Collier*, 184 Ohio App.3d 247, 2009-Ohio-4652.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 08AP–1099.

Decided Sept. 8, 2009.

Ron O'Brien, Franklin County Prosecuting Attorney, and Barbara A. Farnbacher, Assistant Prosecuting Attorney, for appellee.

Richard Cline & Co., L.L.C., and Richard A. Cline, for appellant.

BRYANT, Judge.

{¶ 1} Defendant-appellant, Egan B. Collier, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty, pursuant to a guilty plea, of two counts of rape and imposing a 15–year term of incarceration and a $20,000 fine. Because (1) the $20,000 is not contrary to law but (2) the trial court's calculation of 231 days of jail-time credit is plainly erroneous, we affirm in part and reverse in part.

## I. Procedural History

{¶ 2} Defendant was arrested on March 12, 2008, and charged with three counts of rape, each a first-degree felony in violation of R.C. 2907.02, one count of felonious assault, a second-degree felony in violation of R.C. 2903.11, and one count of kidnapping, a first-degree felony in violation of R.C. 2905.01, all arising out of an incident on March 6, 2008. On March 26, 2008, defendant entered pleas of not guilty to the charges, filed an affidavit of indigency, and received court-appointed counsel. According to the trial court record, defendant remained in custody on the charges from the time of his arrest until his sentencing.

{¶ 3} Following pretrial negotiations, defendant and the prosecution executed a plea agreement on December 1, 2008, in which defendant agreed to enter guilty pleas to two counts of rape in exchange for a nolle prosequi on the remaining three counts and a jointly recommended 15–year prison term. In addition to setting forth the negotiated terms of the plea agreement, the guilty-plea form defendant signed stated that he was also subject to (1) a mandatory five-year period of postrelease control and (2) up to a $20,000 fine on each of the first-degree felony counts to which he agreed to plead guilty.

{¶ 4} Prior to accepting defendant's guilty plea at a combined plea and sentencing hearing held that same day, the trial court elicited testimony from defendant that he was a college graduate, he had read and reviewed the guilty plea form with his attorney, and he understood the guilty-plea form he signed. The court advised defendant that "regardless of any joint recommendation," he was subject to maximum penalties that included prison terms of ten years for

each offense and, "in addition to that, $20,000, for a total of $40,000." Defendant confirmed that he understood the potential penalties and that "the sentence will be up to [the trial court]." After finding that defendant was entering his plea knowingly, intelligently, and voluntarily, the trial court accepted his guilty plea, found him guilty, and proceeded to sentencing. No presentence investigation of defendant was conducted.

{¶ 5} In sentencing defendant, the trial court imposed the jointly recommended prison term of 15 years and noted that defendant was entitled to "roughly" 231 days of jail-time credit. The court also imposed a fine of $20,000 and commented, "There's no question that Mr. Collier—his conduct warrants not only the prison time but also a financial penalty." Defense counsel received permission from the court to be heard regarding the fine and stated, "I would just like to remind the Court that Mr. Collier is indigent. I was appointed counsel in this case." The trial court thanked counsel and responded, "I understand. The Court under-stands that defendant is indigent. However, the Court will impose $20,000 in fines and also costs * * *." The trial court journalized its plea and sentencing proceedings in a December 10, 2008 judgment entry. The entry states that the court considered defendant's present and future ability to pay a fine and financial sanctions and, pursuant to R.C. 2929.18, imposed "the following fine and/or financial sanctions: Defendant shall pay a fine in the amount of $20,000.00 and court costs in an amount to be determined. Defendant is declared indigent."

## II. Assignments of Error

{¶ 6} Defendant timely filed a notice of appeal and assigns the following errors:

ASSIGNMENT OF ERROR NO. 1:

The trial court denied Mr. Collier due process of law under the Ohio and Federal Constitution[s] when it imposed an excessive fine on Mr. Collier when the record before the trial court showed that Mr. Collier was indigent, counsel had been appointed, and there was no evidence to show that Mr. Collier had the capacity to pay a fine.

ASSIGNMENT OF ERROR NO. 2:

The parties below erred in calculation of jail credit.

## III. First Assignment of Error—$20,000 Fine

{¶ 7} In his first assignment of error, defendant claims that the $20,000 fine the trial court imposed denied him due process of law because not only is the fine excessive but no evidence in the record supports a conclusion that he has the present or future ability to pay the fine.

{¶ 8} Defendant argues that although the judgment entry states that the trial court considered defendant's present and future ability to pay a fine, the record clearly demonstrates that he did not have a present ability when he was sentenced. To support his argument, defendant notes that court-appointed counsel represented him throughout the trial court proceedings, he was held in jail for 264 days pending trial, and the trial court specifically found him indigent at the sentencing hearing and in the judgment entry. Defendant similarly argues that the record contains no evidence to support a finding that he has a future ability to pay the $20,000 fine imposed upon him. To the contrary, the record indicates that he is indigent, will be imprisoned and unable to work for at least 15 years, and upon his release will have a record as a convicted Tier III sex offender. Defendant contends that this court should exercise its jurisdiction under R.C. 2501.02 to modify the sentencing judgment and strike the fine that the trial court imposed.

{¶ 9} In *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, a plurality opinion, the Supreme Court of Ohio established a two-step analysis of sentencing issues. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." Id. at ¶ 4. If the sentence is not clearly and convincingly contrary to law, the second step under *Kalish* is to review whether the trial court abused its discretion in imposing the sentence. Id.; *State v. Easley,* 10th Dist. No. 08AP–755, 2009-Ohio-2984, 2009 WL 1804087, ¶ 15. An abuse of discretion is " 'more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144.

{¶ 10} Pursuant to R.C. 2929.18(A), a trial court imposing a sentence upon a felony offender may sentence the offender to any financial sanction or combination of financial sanctions that the relevant statute authorizes. R.C. 2929.18(A)(3)(a) authorizes a sentencing court to impose a fine of not more than $20,000 for a first-degree felony. While a trial court may conduct a hearing to determine an offender's ability to pay a fine, a hearing is not required. R.C. 2929.18(E); *State v. Loving,* 180 Ohio App.3d 424, 2009-Ohio-15, 905 N.E.2d 1234, ¶ 9; *State v. Brinkman,* 168 Ohio App.3d 245, 2006-Ohio-3868, 859 N.E.2d 595, ¶ 17; *State v. Conway,* 10th Dist. No. 03AP–1120, 2004-Ohio-5067, 2004 WL 2803418, ¶ 7; *State v. Kelly* (2001), 145 Ohio App.3d 277, 282, 762 N.E.2d 479.

{¶ 11} Nevertheless, before imposing a financial sanction under R.C. 2929.18, the trial court must consider "the offender's present and future ability to pay the amount of the sanction or fine." R.C. 2929.19(B)(6); *Brinkman,* ¶ 12;

*Kelly,* supra.   Neither statute nor case law prescribes express factors a court must consider or findings a court must make when determining the offender's present and future ability to pay.  *Loving,* ¶ 9;  *State v. Silverman,* 10th Dist. No. 05AP–837, 2006-Ohio-3826, 2006 WL 2075642, ¶ 144, affirmed sub nom.  *In re Criminal Sentencing Cases,* 116 Ohio St.3d 31, 2007-Ohio-5551, 876 N.E.2d 528; *Conway,* ¶ 7;  *State v. Martin* (2000), 140 Ohio App.3d 326, 338, 747 N.E.2d 318. Rather, the record need only reflect that the court considered the offender's present and future ability to pay before it imposed a financial sanction on the offender.  *Loving,* ¶ 9;  Brinkman, ¶ 17;  *State v. Fuller,* 6th Dist. No. L–02–1387, 2004-Ohio-2675, 2004 WL 1171056, ¶ 8;  *State v. Finkes* (Mar. 28, 2002), 10th Dist. No. 01AP–310, 2002 WL 464998.

{¶ 12} A review of the record here demonstrates the $20,000 fine imposed on defendant is neither clearly and convincingly contrary to law nor an abuse of the trial court's discretion.   The fine was not greater than R.C. 2929.18(A)(3)(a) allows for a first-degree felony, and the trial court expressly indicated in its judgment entry that it imposed the fine after considering defendant's present and future ability to pay the fine.

{¶ 13} When presented with the opportunity to present specific information to the trial court demonstrating his inability to pay the $20,000 fine, defendant did not avail himself of that opportunity, instead relying on the indigency that supported his request for appointed counsel.   Neither defendant's indigency for purposes of court-appointed counsel nor the trial court's expressly finding him indigent at sentencing precluded the trial court from imposing the fine upon defendant.   See *State v. Gipson* (1998), 80 Ohio St.3d 626, 687 N.E.2d 750 (determining that a defendant's indigency at time of sentencing does not preclude a trial court from imposing a fine upon the defendant);  *State v. Burnett,* 10th Dist. No. 08AP–304, 2008-Ohio-5224, 2008 WL 4482670, ¶ 9 (noting that a sentencing court is not barred from imposing a fine upon an indigent defendant); *State v. Banks,* 6th Dist. No. WD–06–094, 2007-Ohio-5311, 2007 WL 2874357, ¶ 15 (determining that an offender's indigency for purposes of appointed counsel is separate and distinct from a determination of indigency for purposes of paying a fine);  *State v. Northam* (Sept. 30, 1999), 10th Dist. No. 98AP–1592, 1999 WL 770993 (finding that the trial court did not abuse its discretion in imposing a $20,000 fine upon a defendant who was indigent at the time of sentencing).

{¶ 14} Moreover, defendant's future ability to pay the $20,000 fine becomes relevant after he has completed his prison term.   Defendant at the time of sentencing was a 28–year–old college graduate, making him approximately 43 years old when he is released from prison.   While defendant's criminal record and incarceration undoubtedly will hamper his ability to obtain employment upon his release from prison, defendant did not argue in the trial court that he would

be unemployable after his release, and no evidence in the record suggests any health problems or disabling mental or physical condition that would prevent him from working after his release. If defendant is unable to pay the $20,000 fine after he has been released from prison, he can seek relief under R.C. 2929.18(G), which provides courts an avenue to relieve an indigent person of his or her obligation to pay a fine after the person has completed the incarceration period of his or her sentence. See *State v. Williams,* 10th Dist. No. 02AP–35, 2002-Ohio-4503, 2002 WL 2005815, ¶ 99, citing *Northam,* supra. At that time, the sentencing court must inquire into the reasons for defendant's failure to pay, and it may suspend the fine pursuant to R.C. 2929.18(G) if the court finds that he "satisfactorily has completed all other sanctions imposed upon" him. Id. Under these circumstances, we cannot say that the trial court abused its discretion in requiring defendant to pay a fine of $20,000.

{¶ 15} The facts and applicable law compel us to conclude that (1) the record lacks clear and convincing evidence that the $20,000 fine imposed on defendant is contrary to law and (2) the record does not demonstrate that the trial court's decision to impose the $20,000 fine was unreasonable, arbitrary, or unconscionable. Accordingly, defendant's first assignment of error is overruled.

## IV. Second Assignment of Error—Jail–Time Credit

{¶ 16} In his second assignment of error, defendant maintains that he is entitled to jail-time credit of 264 days, not the 231 days that the trial court calculated and recorded in the judgment entry.

{¶ 17} Alleged errors regarding jail-time credit may be raised in a defendant's direct appeal of his criminal case. *State v. Young,* 5th Dist. No. 03–CAA–10051, 2004-Ohio-4002, 2004 WL 1717601, ¶ 13, citing *State ex rel. Jones v. O'Connor* (1999), 84 Ohio St.3d 426, 704 N.E.2d 1223. R.C. 2967.191 requires that a felony offender's prison term be reduced "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced," including confinement in lieu of bail while awaiting trial. The number of days defendant spent in jail prior to his guilty plea and sentencing is confinement "arising out of the offense for which [he] was convicted and sentenced" within the express parameters of R.C. 2967.191. *Young,* ¶ 10. Accordingly, defendant is entitled to jail-time credit for the number of days of that confinement.

{¶ 18} The trial court is responsible for properly calculating the number of days for which jail-time credit should be given. *State v. Miller,* 8th Dist. No. 84540, 2005-Ohio-1300, 2005 WL 678954, ¶ 10, citing *State ex rel. Corder v. Wilson* (1991), 68 Ohio App.3d 567, 589 N.E.2d 113; *Young,* ¶ 12; R.C. 2949.12 (addressing the calculation of time, conveyance, and incarceration assignments of convict-

ed felons and providing that a prisoner's sentencing judgment should reflect "the total number of days, if any, that the felon was confined for any reason prior to conviction and sentence"). The trial court's failure to properly calculate a felony offender's jail-time credit pursuant to R.C. 2967.191 and to include the amount of jail-time credit in the body of the offender's sentencing judgment is plain error. *Miller*, ¶ 10.

{¶ 19} Defendant undisputedly was held in jail on charges arising from the offenses at issue from the March 12, 2008 date of his arrest until the December 1, 2008 date of his plea and sentencing hearing, resulting in a confinement period of 264 days. The trial court mistakenly calculated defendant's jail-time credit as 231 days and then included that erroneous amount of jail-time credit in the December 10, 2008 judgment entry. Because the statement in the judgment entry that defendant has 231 days of jail-time credit is plainly erroneous, we sustain defendant's second assignment of error.

{¶ 20} Having overruled defendant's first assignment of error and sustained his second assignment of error, we affirm the trial court's judgment except as to the amount of defendant's jail-time credit, and we reverse that aspect of the trial court's judgment. We remand with instructions to the trial court to correct the judgment to reflect that defendant has 264 days of jail-time credit to be applied to his 15–year prison term and to timely forward the corrected judgment to the Ohio Department of Rehabilitation and Correction.

Judgment affirmed in part
and reversed in part,
and cause remanded with instructions.

KLATT and CONNOR, JJ., concur.