[Cite as *State v. Campbell*, 2013-Ohio-3088.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellant, | : | CASE NO. CA2012-08-070 |
| | : | O P I N I O N |
| - vs - | | 7/15/2013 |
| | : | |
| BRETT CAMPBELL, | : | |
| Defendant-Appellee. | : | |


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 12CR28043


David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellant

Patrick D. Walsh, P.O. Box 543, Springboro, Ohio 45066, for defendant-appellee


**RINGLAND, J.**

{¶ 1} Appellant, the state of Ohio, appeals the sentence of appellee, Brett Campbell, from the Warren County Court of Common Pleas.

{¶ 2} Campbell was indicted by a Warren County grand jury on felony drug charges on February 13, 2012. Subsequently, Campbell pled guilty to trafficking in cocaine as a third-degree felony. On July 11, 2012, the trial court held a sentencing hearing, wherein Campbell

was sentenced to two years in prison. However, the trial court waived the mandatory fine, finding that Campbell was indigent.[1]

{¶ 3} The state appeals from that sentence, raising a single assignment of error for our review:

{¶ 4} THE WARREN COUNTY COURT OF COMMON PLEAS ABUSED ITS DISCRETION WHEN IT WAIVED THE MANDATORY FINE BECAUSE IT DID NOT MAKE THE NECESSARY FINDING REGARDING INDIGENCY AND BECAUSE ITS FINDING REGARDING THE ABILITY TO PAY WAS NOT SUPPORTED BY THE EVIDENCE.

{¶ 5} "A trial court has broad discretion when imposing a financial sanction upon an offender and a reviewing court should not interfere with its decision unless the trial court abused that discretion by failing to consider the statutory sentencing factors." *State v. Weyand*, 7th Dist. No. 07-CO-40, 2008-Ohio-6360, ¶ 7, citing *State v. Keylor*, 7th Dist. No. 02 Mo. 12, 2003-Ohio-3491, ¶ 9. An abuse of discretion connotes more than an error of law or judgment; rather, it implies that the court has acted either unreasonably, unconscionably, or arbitrarily. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 19.

{¶ 6} R.C. 2925.11 directs a trial court to impose all mandatory fines specified for a particular crime, unless the court determines that the defendant is indigent. R.C. 2929.18(B)(1) states:

{¶ 7} "If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender."

---

1. We note that it confusion in the present case results from the fact that the "Agreed Entry Judgment Entry of Sentence," was not signed by all parties. Had all the parties signed the agreed entry, the present issue could have been avoided.

{¶ 8} Before imposing a financial sanction under R.C. 2929.18, the court must consider the offender's present and future ability to pay the amount of the sanction or fine. See R.C. 2929.19(B)(6). As to the trial court's findings, "there are no express factors that must be taken into consideration or findings regarding the offender's ability to pay that must be made on the record." *State v. Martin*, 140 Ohio App.3d 326, 338, 2000-Ohio-1942 (4th Dist.). Rather, the record must contain some evidence which establishes that the trial court complied with its duty to make the statutory determination regarding the offender's ability to pay. *See, e.g.*, *State v. Adkins*, 144 Ohio App.3d 633, 644 (12th Dist.2001).

{¶ 9} In the present case, the record contains evidence that would allow a court to find that Campbell is indigent. First, after pleading guilty, Campbell filed an affidavit of indigency for the purpose of waiving his fine which indicated that his current income and liquid assets were $0. Second, the transcript of the sentencing hearing makes clear that the trial court considered numerous relevant factors in making the decision as to whether Campbell would have the ability to pay now or in the future, finding:

> On the issue of the fine, it's not just a question of whether or not Mr. Campbell - - it's not just a question of whether or not he's indigent now, it's a question of whether or not he's going to be able to work and earn money in the future. You've got diabetes, high blood pressure, nerve damage, a torn rotator cuff. Currently prescribed Metformin, Glipizide, Celexa, Presidone, Lisinopril, Clonidine, Hydroxyzine, and Ranitidine. You've got diabetes, depression, high blood pressure, anxiety, acid reflux.
>
> Based on his - - taking everything into consideration, the fact that he'll be getting out with a felony conviction, needing to focus on drug treatment and all these health issues, I'm going to waive the mandatory fine. Finding that he's not eligible to or able really to take part in the reasonable future.

{¶ 10} Given Campbell's medical history, his current financial situation, his filing of an affidavit of indigency and the trial court's consideration of his ability to find work after his release from prison, we find that there was ample evidence upon which the trial court could

make a determination that Campbell was indigent. Accordingly, we cannot find that trial court, under the wide latitude it is granted in determining a party's indigency, abused its discretion in finding Campbell indigent and waiving the mandatory fine.

{¶ 11} In light of the foregoing, having found that the trial court did not abuse its discretion in finding that appellee was indigent and waiving the mandatory fine, the state's sole assignment of error is overruled.

{¶ 12} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.