[Cite as *State v. Freeman*, 2018-Ohio-4973.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-180090 |
| | | TRIAL NO. B-1606425-C |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| MICHAEL FREEMAN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  December 12, 2018

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Joshua Thompson*, Assistant Public Defender, for Defendant-Appellant.

ZAYAS, **Judge.**

{¶1}   Michael Freeman has appealed from the trial court's order that he pay a mandatory fine of $10,000 for his trafficking-in-heroin conviction. We find no merit to his assignment of error, and we affirm the judgment of the trial court.

*Factual Background*

{¶2}   Freeman pleaded guilty to aggravated trafficking in drugs, a felony of the fourth degree, and trafficking in heroin, a felony of the first degree. In exchange, the state dismissed charges of trafficking in heroin, possession of heroin, aggravated trafficking in drugs, aggravated possession of drugs, and permitting drug abuse, and a major-drug-offender specification to the trafficking-in-heroin offense. The parties agreed that Freeman would be sentenced to a total of three years in prison, and Freeman waived a presentence investigation report.

{¶3}   During the plea colloquy, Freeman told the court that he was 42 years old, had finished the tenth grade, could read and write, had obtained his GED, was scheduled to be released from parole that week, had been gainfully employed while on parole, and had passed all of his drug screenings. The trial court found him guilty and proceeded to sentencing.

{¶4}   In mitigation, Freeman's counsel informed the judge that he had been working with Freeman and expected him to turn his life around after his release from prison. Freeman also submitted an affidavit of indigency, requesting the court to waive the mandatory fine. The affidavit stated that Freeman had been incarcerated for 234 days and was without funds to pay a fine, that he had no assets or property sufficient to offer as security for a fine, and that he was indigent. The trial court asked Freeman if he had any additional evidence to present with respect to the

waiver of the mandatory fine, and Freeman responded, "No." The trial court imposed the agreed sentence and a mandatory fine of $10,000.

{¶5} On appeal, Freeman contends that the trial court erred in imposing the mandatory fine. Specifically, he argues that the trial court failed to conduct a hearing, and that the record does not support the imposition of the fine because Freeman established that he was indigent and lacked the present and future ability to pay the fine.

### *Standard of Review*

{¶6} R.C. 2953.08 governs felony-sentencing appeals. When reviewing felony sentences, an appellate court "may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." R.C. 2953.08(G)(2); *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 22-23. Appellate courts no longer apply the abuse-of-discretion standard in sentencing challenges. *See id.* at ¶ 10. Accordingly, we review the imposition of a mandatory fine to determine whether it is clearly and convincingly unsupported by the record or otherwise contrary to law. *See State v. Stidhum*, 1st Dist. Hamilton No. C-170319, 2018-Ohio-4616, ¶ 69; *State v. Owens*, 1st Dist. Hamilton No. C-170413, 2018-Ohio-1853, ¶ 5.

### *The Mandatory Fine*

{¶7} Pursuant to R.C. 2929.18(B)(1), the trial court is required to impose a mandatory fine when the offender commits certain drug-related felonies. For a first-degree felony offense for trafficking in drugs in violation of R.C. 2925.03(A)(1), the trial court was authorized to impose a mandatory fine of up to $20,000, and

3

obligated to impose a fine of at least $10,000, one-half of the statutory maximum. R.C. 2929.18(A)(3)(a) and 2929.18(B)(1).

{¶8}  However, the statute also prohibits the court from imposing the mandatory fine "if an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine," and the court finds that "the offender is an indigent person and is unable to pay the mandatory fine described in this division."  R.C. 2929.18(B)(1).  Before imposing a fine, "the court shall consider the offender's present and future ability to pay the amount of the sanction or fine."  R.C. 2929.19(B)(5).

{¶9}  Under the statute, "the burden is upon the offender to affirmatively demonstrate that he or she is indigent and is unable to pay the mandatory fine." *State v. Gipson*, 80 Ohio St.3d 626, 635, 687 N.E.2d 750 (1998).  The filing of an affidavit of indigency alone does not automatically entitle the offender to a waiver of the fine.  *See id.* at 636 (determining that the defendant's indigency at the time of sentencing does not preclude the trial court from imposing a fine upon the defendant); *State v. Ficklin*, 8th Dist. Cuyahoga No. 99191, 2013-Ohio-3002, ¶ 13 (recognizing that " 'indigency' refers to a present financial ability and 'is unable to pay' encompasses a future ability to pay as well").  The trial court must consider both the offender's present and future ability to pay the fine.  R.C. 2929.19(B)(5).

{¶10}  A trial court is not required to hold a hearing, consider express factors, or make specific findings.  *See State v. Hodge*, 2d Dist. Montgomery No. 23964, 2011-Ohio-633, ¶ 55.  As long as the record contains some indication that the trial court considered the offender's present and future ability to pay the fine, the court's

imposition of a financial sanction is not contrary to law. *State v. Collier*, 184 Ohio App.3d 247, 2009-Ohio-4652, 920 N.E.2d 416, ¶ 11 (10th Dist.).

{¶11} During the plea hearing, the trial court questioned Freeman before accepting his guilty plea. The trial court learned that Freeman had been gainfully employed while on parole, could read and write, had obtained his GED, had not tested positive for drugs while on parole, and was 42 years old.

{¶12} Freeman contends that the court erred by refusing to conduct an indigency hearing, and that the record does not support the imposition of a fine. Freeman submitted an affidavit of indigency, which established his current financial situation. After accepting the affidavit of indigency, the court gave Freeman the opportunity to present additional evidence concerning his request for a waiver, but Freeman declined. The trial court did not refuse to conduct an indigency hearing, rather Freeman failed to present any additional evidence regarding his future ability to pay a fine. *See Gipson*, 80 Ohio St.3d at 635, 687 N.E.2d 750. And, Freeman's counsel represented that he expected Freeman to turn his life around after his release from prison.

{¶13} Following a thorough review of the record, we conclude that the trial court considered Freeman's present and future ability to pay the fine. Although Freeman was currently indigent, the record supports a finding that he had been gainfully employed throughout his parole, would be employable upon his release from prison in less than two years, and would have the future ability to pay the fine. There are no facts in the record indicating that Freeman would be unemployable upon his release, such as a health or medical condition that would preclude him from future employment. *See, e.g., State v. Hale*, 5th Dist. Perry No. 14-CA-00010, 2014-

Ohio-4981, ¶ 18-20 (finding that a reasonable probability existed that the trial court would have waived the mandatory fine if counsel had filed an affidavit of indigency due to defendant's medical conditions, including the use of an oxygen tank, hypertension, COPD, IBS, coronary artery disease, obstructive sleep apnea, a stroke, leg pains, and seizures); *State v. Campbell*, 12th Dist. Warren No. CA2012-08-070, 2013-Ohio-3088, ¶ 9-10 (concluding that the trial court did not err in waiving the mandatory fine because defendant was indigent and would not be able to work because of his diabetes, high blood pressure, nerve damage, torn rotator cuff, depression, anxiety, acid reflux and need for drug treatment). Based on the information before this court, we conclude there was ample evidence upon which the trial court could make a determination that Freeman was not unable to pay the fine, and we overrule his sole assignment of error.

## Conclusion

{¶14} Having overruled Freeman's sole assignment of error, we affirm the judgment of the trial court.

Judgment affirmed.

**MOCK, P.J.,** and **MYERS, J.,** concur.

Please note:
  The court has recorded its own entry this date.